R. S. BLOUNT AND ANOTHER v. JOSEPH RALSTON.

Where a promise to pay money at six months' time contained a clause that it might be discharged in lumber, if delivered according to contract; and at the same time, the payee gave his promise in writing to take lumber in payment of said note, at a certain price, reciting that the maker of the note agreed to saw said lumber at any time the payee might want it, within six months, at his mill near by, and to give the payee's bill the preference over other bills that might be to saw; the lumber not to be required until within a reasonable time after the maker's mill should be put to work; Held, that the last clause did not extend the time for payment in lumber beyond the six months; and the mill not having been put to work within the six months, it was further held that the note became payable in cash absolutely, without demand for the lumber.

An averment that the plaintiff is the owner and holder of the following note made and executed by the defendants, giving a copy, is equivalent to an allegation that the note was made and delivered by the defendants to the person whose name appears in the copy as payee.

Error from Washington. Tried below before the Hon. R. E. B. Baylor.

The petition alleged that the plaintiff was the owner and holder of a certain promissory note, made and executed by R. S. Blount and John H. Graves, in substance as follows: (Here followed a copy of the note) which said note was by the said John P. Collins duly indorsed, &c.

The allegation of plaintiff and proof as to the failure to put the mill to work, extended not merely to the maturity of the note, but to the then present time. The other facts are stated in the Opinion.

*Giddings & Giddings*, for plaintiffs in error. Although the note fixes a definite time for payment, yet when it is taken in connection with the contract to which it refers, the defendants were to have a reasonable time after the mill was put to work, to furnish the lumber; the $300 was payable in lumber at an indefinite time, at a fixed price. Hence the case does not come within the principle decided in Baker v. Todd, 6 Tex. R. 273.

The plaintiff ought to have been required to show that defendant had not used due diligence in putting his mill to work, or that he furnished a bill of the lumber and made a demand for it at Independence, where the contract was made. The instructions were clearly erroneous.

*Bassett & Bassett,* for defendant in error.

ROBERTS, J. Defendant in error brought suit against the plaintiffs in error, on the following instrument in writing:—

$450.                    INDEPENDENCE, March 28, 1855.

Six months after date we promise to pay John P. Collins four hundred and fifty dollars, with ten per cent. per annum interest, for value received. A part of this note to be paid in lumber if delivered according to contract. (Signed by defendants.)

Defendants set out the following instrument in their answer, to wit:—

INDEPENDENCE, WASHINGTON Co., March 28, 1855.

R. S. Blount has this day executed to me his promissory note, with John H. Graves security, for the sum of four hundred and fifty dollars, payable six months after date, with ten per cent. interest; and I hereby promise and agree to take three hundred dollars of said note in lumber at twenty-five dollars per thousand feet. The said Blount agrees to saw said lumber at any time I may want it within six months at his mill near this place, and to give my bill of lumber the preference over other bills that may be to saw. The lumber not to be required until within a reasonable time after his mill is put to work. (Signed by Collins.)

Defendants alleged that the lumber had never been demanded, nor had a bill of it ever been furnished.

Plaintiff replied that at no time from the making to the maturity of the contract did the defendants have a mill in operation to saw the lumber, and therefore were not in situation to pay in lumber. The proof on the trial showed this replication to be true; and the main question arises upon the charge of the Court, which is excepted to and assigned as error. The charge given at the request of the plaintiff, is as follows:—

1st. That if they believe from the evidence, that the mill mentioned in the defendants' plea was never in a condition to saw the lumber, then the note became payable in money, and the plaintiff is entitled to recover.

2d. That if the said mill was not in a condition to saw the lumber within a reasonable time, or within the six months mentioned in the contract, the said note became payable in money, and the plaintiff is entitled to recover.

3d. That it was not necessary for the plaintiff to present a bill of lumber to the defendants to saw, if the defendants' mill was never in operation.

We think these charges were correct. By the terms of the contract, it was expected that the obligors would have a mill in operation by which they should be able to pay a part of their debt in lumber. As however they did not get their mill in operation, it would have been a useless thing in the payee to have furnished a bill for lumber, or made a demand of it. The Court in each one of the charges, presented fairly to the jury the issue whether or not the obligors had a mill in operation so as to make the lumber with which to discharge the debt. The evidence fully justified them in finding in the negative; and so they must have found to have rendered a verdict for plaintiff below.

The Court was asked to charge the jury that there being no averment that the note sued on was delivered, the action could not be maintained. This the Court properly refused because the petition alleges that the note was made and executed; which imports a delivery of it.

We are of opinion that there is no error shown in the record, and therefore the judgment is affirmed.

Judgment affirmed.