D. M. OSBORNE & CO. v. F. P. HOLLAND.

(No. 1902, Op. Book No. 2, p. 350.)

APPEAL from Ellis County. Opinion by WALKER, R. S., P. J.

**§ 1087.** *Pleading; petition on alleged written contract; no cause of action disclosed; general demurrer.* The plaintiff sued upon, and his cause of action was based by the allegations of his petition upon, an instrument of writing, which he endeavors to treat as a contract, made by the defendants, but which, on its face, by terms specific and definite, expressly determines that it was not a complete contract until the defendants should make it such by their approval and signature. It is, in legal effect, nothing more than a memorandum for that which, in contemplation of one of the parties, may become a valid contract when the other party to be affected by it shall approve and sign, and thereby render it a contract between both of the parties. The petition did not allege, and the alleged contract did not show, that defendants

had approved or signed it, or had otherwise accepted or adopted it. *Held*, that the petition disclosed no cause of action, and that the general demurrer thereto should have been sustained.

§ **1088.** *Pleading; allegation that defendant is "an association" is not sufficient.* The bare allegation that the defendants are an "association" is not a sufficient statement of facts. It is necessary that the facts shall be alleged which constitute a cause of action. [Jennings v. Moss, 4 Tex. 452; Frazier v. Todd, id. 461; 13 Tex. 16; 20 Tex. 132.] "Association" is a general term indicating a combination of individuals and interests of some kind. To affect them with liability for the acts of each other, or of the whole, or its agents, requires the statement of facts and circumstances from which the liability arises. A partnership is an association of persons united in a common object, business or pursuit; the allegation of the existence of such a firm thus associated carries with it the legal obligation which the law attaches to the acts of the members composing it. But the simple fact of mere association affords no predicate on which to base a pecuniary liability of its members for the acts of each other. When an association is of a character which requires the individuals who compose it to be joined in the action, their names as defendants should be set forth. If, on the other hand, it is an association of that nature which dispenses with such necessity and warrants the institution of suit against its representatives, officials or agents, then such individuals are proper and necessary parties. In this case the petition merely alleged that the defendants were an association, without alleging who composed it, or any fact from which the liability of its members could be adduced, and it was held that the special exception relating to this defect in the petition should have been sustained.

§ **1089.** *Pleading; certainty in.* An item in the account sued upon was "rebate paid Pogue on note." *Held*, that this item was not so connected by allegation

with the matters contained in the petition as to render it intelligible or definite, or to import any liability on the part of the defendants to pay it. [Mims v. Mitchell, 1 Tex. 443.]

May 25, 1881.　　　　　　Reversed and remanded.