PAUL LOUNGEWAY V. M. E. HALE ET AL.

No. 6150.

**1. Citation.**—It is not necessary that the citation to a defendant residing in the county where suit is brought should contain a statement of the cause of action or the elements of the demand, but only its nature.

**2. Nature of Plaintiff's Demand.**—A citation stating the nature of the suit as follows, "An action of debt on promissory note for $110, with 12 per cent interest, dated on the ninth day of June, 1883, and for foreclosure of mortgage on 56 acres of land out of the Grayson County school lands in Wise County, Texas, and being a portion of section 19 of said subdivision of Grayson County school lands," *held* sufficient to sustain a default judgment and decree of foreclosure.

**3. Suit by Heirs.**—Where in absence of debts and of an administration heirs institute suit to recover upon a promissory note and to foreclose a mortgage to secure it executed to their ancestor, a petition setting out *the facts*, the execution of the note, and the mortgage to secure it by the defendant to the ancestor of the plaintiffs, with date, amount, and interest, with description of the land mortgaged, with prayer for relief, will support a judgment final by default for the plaintiffs.

ERROR from Wise. Tried below before Hon. F. E. Piner.

The petition of Mary E. Hale, as surviving widow of J. W. Hale, and Roena T. Cates, as only heir of J. W. Hale, joined by her husband C. D. Cates, declared that Hale was dead; that plaintiffs were his only heirs; that there was no administration upon his estate, and showed by facts alleged that there was no necessity for administration. The petition sued Paul Loungeway, a resident of Wise County, on a promissory note, and after above allegations says: "That said Loungeway is justly indebted to them by reason of his certain promissory note executed on the 9th day of June, 1883, in favor of J. W. Hale for the sum of $110, due and payable on or before the 1st day of January, 1884, drawing 12 per cent interest from maturity." The note is then copied into the petition, with endorsement on it extending the time of payment to 1st of January, 1885. Then it is alleged that the note is still due and unpaid; prayer for judgment on note, interest and costs; then as follows: "That to secure the payment of said note defendant made, executed, and delivered to J. W. Hale *at the time he executed and delivered to him the said note* above set out, to-wit, on the 9th day of June, 1883, his certain instrument in writing purporting to be a mortgage or deed of conveyance to the following described lands, subject to be defeated only by payment of said note and interest, which land is described as follows." The petition then describes the land and prays that it be subjected to the payment of the debt, for order of sale, etc., judgment for debt, foreclosure of said mortgage, etc.

The citation identifies the suit by names of plaintiffs and defendant, number of suit, and states the nature of the suit as follows: "An action of debt on promissory note for $110 with 12 per cent interest, dated on the 9th day of June, 1883, and for foreclosure of mortgage on 56 acres

of land out of the Grayson County school land in Wise County, Texas, and being a portion of section 19 of said subdivision of Grayson County school land."

Judgment final by default was rendered against defendant for $137.10.

Errors assigned are: 1. The court erred in giving judgment for defendant in error because the citation was fatally defective. The same does not state the nature of defendant's cause of action, and because said citation states that the note sued on was executed to defendants in error, while the petition shows that they sue as heirs of J. W. Hale, hence variance between the two.

2. The court erred in giving judgment for the defendants in error, because the allegations in their petition do not show their right to recover.

3. Because the judgment was as upon a liquidated demand for defendants in error, and said demand was not liquidated as to them.

4. Because there was no proof of their heirship, and proof of this should have been made before judgment.

*Carswell & Fuller*, for plaintiff in error. — 1. A citation in a civil suit should state the nature of the plaintiff's demand and be made returnable on the first day of the next term of the court after the issuance thereof. Rev. Stats., arts. 1215, 1443; Pipkin v. Kaufman & Runge, 62 Texas, 547.

2. A petition on a promissory note should allege the delivery of the note and that the plaintiffs are the owners and holders of the note. Malone v. Craig, 22 Texas, 609; Gray et al. v. Osburn, 24 Texas, 157; Thigpen v. Mundine, 24 Texas, 282.

3. The petition of defendants in error does not sufficiently describe the mortgage sought to be foreclosed or the land upon which it is given.

4. There should have been proof of the heirship of defendants in error to entitle them to a judgment upon a note executed to J. W. Hale. Rev. Stats., art. 1285.

No brief for defendants in error.

COLLARD, JUDGE.—The citation does state "the nature of the plaintiffs' demand" as required by article 1215 of the Revised Statutes. It is not necessary that the citation should contain a statement of the cause of action or the elements of the demand, but only its nature. What is the nature of the demand? It is an action on a promissory note for one hundred and ten dollars and twelve per cent interest per annum, and a foreclosure of a mortgage on fifty-six acres of land, a portion of quarter section 19 of Grayson County school land. The citation so states the nature of the demand, except that it says a portion of section 19, instead of

quarter section 19 out of the Grayson County school land. This discrepancy could have been easily ascertained by an inspection of the original petition on file in the county of defendant's residence. The citation is not required to contain an accurate description of the grounds of the action or the instrument sued on.

In Cave v. City of Houston, 65 Texas, 622, the court say: . "If it (the citation) varied in the slight respect claimed by appellant from that set forth in the petition this did not render the process void so that it could not support a judgment by default. With the means in his power of ascertaining the correctness of the statement made in the citation, the defendant could not wait till a judgment by default was taken and then by appeal to this court for the first time set up so slight a defect as ground for reversing the judgment. If the process is void the defendant is not required to obey it, but if it is merely defective it brings him into court."

In Pipkin v. Kaufman & Runge, 62 Texas, 547, the citation misdescribed the note. A judgment by default was taken; on error the court held the misdescription immaterial.

The nature of plaintiffs' demand was stated in the citation in this case. Plaintiff in error says there was a variance in the citation and petition because the citation states that the note sued on was executed to defendants in error, and the petition shows that they sue as heirs of J. W. Hale. This is a mistake. The citation does not state to whom the note is payable.

Plaintiff in error says no judgment could be rendered on the petition because it does not show the right of defendants in error to sue and recover. He insist that the petition fails to allege the delivery of the note or that defendants are the legal owners and holders thereof.

If the petition does not allege the delivery of the note the defect after judgment by default will be fatal on appeal or writ of error. Malone v. Craig, 22 Texas, 610; Thigpen v. Mundine, 24 Texas, 282; Moody v. Benge, 28 Texas, 547.

In the cases above cited the allegations of liability were very meagre, and there were none of delivery. In the case before us it is alleged "that said Loungeway is justly indebted to them (plaintiffs below) by reason of his certain promissory note, executed on the 9th day of June, 1883, in favor of J. W. Hale, for the sum of one hundred and ten dollars, drawing twelve per cent interest from maturity," etc. The note is then copied in the petition.

It is also alleged that "to secure the payment of said note defendant made, executed, and delivered to J. W. Hale at the time he executed and delivered to him the said note above set out, to-wit, on the 9th day of June, 1883, his certain instrument in writing purporting to be a mortgage or deed of conveyance to the following described lands, subject to

be defeated only by the payment of said note and interest, which land is described as follows." Then follows a description of the land.

It was held in Blount v. Ralston that an allegation that a note was made and executed imported a delivery of it. 20 Texas, 134. Here it is alleged that the note was executed in favor of J. W. Hale. This we think was a sufficient allegation of delivery. But if it should not be, the averment of delivery is distinctly made in another part of the petition.

The petition does not in terms allege that petitioners are the legal owners and holders of the note, but it does show that they acquired the ownership and the right of possession of the note by descent from the payee, J. W. Hale. This we think sufficient to support the judgment in their favor, the defect in the allegation being made for the first time in this court. We think the mortgage and the land were sufficiently described in the petition.

The suit being upon a liquidated demand, upon defendant's failure to answer it was proper to render final judgment by default. Rev. Stats., art. 1284. In a judgment by default on a promissory note the allegations of ownership are taken to be true. Guest v. Rhine, 16 Texas, 549. In taking judgment by default it was not necessary for plaintiffs below to prove their heirship.

We find no error in the judgment of the court below and are of opinion it ought to be affirmed.

*Affirmed.*

Adopted April 16, 1889.