Santa Fe, Llano Estacado & Pacific Land & Trust Company v. James T. Cumley.

Decided October 15, 1910.

**1.—Jurisdiction—Plea of Privilege—Appearance.**

A plea of privilege is such an answer and appearance as will give the court jurisdiction over the person of the defendant and dispense with the necessity for the service of citation upon him.

**2.—Pleading—Written Obligation—Delivery—Judgment by Default.**

An allegation that the defendant executed and entered into the instrument in writing sued upon, imports that the instrument was delivered, and is sufficient to support a judgment by default.

**3.—Same—Ownership.**

An allegation that the instrument in writing sued upon (in this case a due bill) "evidences an indebtedness due the plaintiff by reason of the premises" is sufficient as against an objection, on appeal from a judgment by default, that plaintiff's petition did not allege that plaintiff was the legal owner or holder of the instrument sued on.

**4.—Same—Husband and Wife—Right to Sue.**

The husband is the proper party to bring suit upon a written obligation given to his wife.

**5.—Plea of Privilege—Change of Venue—Judgment by Default.**

When the venue of a suit is changed upon defendant's plea or privilege to be sued in another county, the defendant must take notice of all proceedings in the court and county to which the case is transferred; and the fact that the plaintiff excepted to the order changing the venue and gave notice of appeal therefrom, would not be sufficient reason to set aside a judgment by default taken by the plaintiff against the defendant in the court and county to which the case was transferred, after the time for perfecting the appeal had expired and the appeal had therefore been abandoned by the plaintiff.

Error from the District Court of Jones County. Tried below before Hon. C. C. Higgins.

*Woodruff & Woodruff,* for plaintiff in error.—Plaintiff's petition was insufficient to support a judgment by default. Blount v. Ralston, 20 Texas, 132; Loungeway v. Hale, 73 Texas, 495; Jennings v. Moss, 4 Texas, 452; Bremond v. Johnson, 1 Texas App. Civ., 326; Gilder v. McIntyre, 29 Texas, 89; Gray v. Osborne, 76 Am. Dec., 99; 24 Texas, 157; Parr v. Nolen, 28 Texas, 798; Colbertson v. Beeson, 30 Texas, 77; Dibrell v. Ireland, 1 Texas App. Civ., 123; see notes 91 Am. Dec., 405, 59 Am. St., 179; Malone v. Craig, 22 Texas, 609; Thigpen v. Mundine, 24 Texas, 283; Barnard v. Moseley, 28 Texas, 544; Moody v. Benge, 28 Texas, 547.

Appellee had a right to perfect his appeal at any time within a year from and after the date of judgment sustaining pleas of privilege, and appellants were justified in presuming that he intended to do so, and were not required either by law or reason to stand and watch the records of Jones and Midland County District Courts to see what was being done in the premises. Rev. Civ. Stats., art. 1389; art. 1194c; chapter CXXXIII, p. 249, General Laws, Regular Session, Thirtieth Legislature, Texas.

*King & Isaacs* and *Whitten Swafford,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—This is an action by James T. Cumley against the Santa Fe, Llano Estacado & Pacific Land & Trust Company, a co-partnership composed of I. J. Pierce and G. W. Power, to recover the sum of eighteen hundred and eighty dollars alleged to be due on certain contracts set out. The suit was instituted in the District Court of Midland County and Pierce and Power each filed his plea of privilege to be sued in Jones County, the county of their residence. Upon the trial of these pleas the District Court sustained them and ordered the clerk of his court to make a complete transcript of the papers of said cause and transmit the same to the clerk of the District Court of Jones County. To this judgment the plaintiff excepted and gave notice of appeal to this court, and the trial court allowed thirty days after adjournment in which to prepare and file statement of facts and bills of exceptions. No appeal bond appears to have been filed, and on June 24, 1909, the transcript of the papers was filed in the District Court of Jones County, and on July 7, 1909, a judgment by default was entered in favor of the plaintiff for the amount sued for. From this judgment the present writ of error is prosecuted.

The ground of attack set out in the first and second assignments of error is predicated upon the alleged insufficiency of the citation issued by the clerk of the District Court of Midland County. But whatever the defects in that writ, they must be held to have been waived when the defendants filed their answer in that court. It is true the answer consisted alone of a verified plea of privilege, but it in no way limited the appearance to the purpose of urging this plea, and if it did, the effect would probably not be different, since the object of a writ of cita-

tion is to give notice to the defendant, and it is well settled, both by statute and decision, that the filing of an answer constitutes an appearance for the defendant so as to dispense with the necessity for the issuance or service of citation upon him.    Sayles' Texas Civil Statutes, article 1242; York v. State, 73 Texas, 651.

It is next insisted by plaintiff in error that plaintiff's petition is insufficient to support a judgment by default, the supposed vice being that there is no allegation that the due bill sued on was ever delivered to plaintiff, or that the defendants became liable and promised to pay plaintiff the said sum, or that the plaintiff was the legal owner or holder of the instrument at the time of bringing suit.    It is true the petition does not expressly allege a delivery of the instrument, but it does allege that the defendant executed and entered into the said writing, a copy of which is set out.    An allegation that an instrument was made and executed imports a delivery of it.    Blount v. Ralston, 20 Texas, 132; Loungeway v. Hale, 73 Texas, 495.    The petition further alleges that the instrument of writing evidences an indebtedness due the plaintiff by reason of the premises, and is, we think, sufficient as against the objections made.    The due bill appears to have been given to the plaintiff's wife, but the petition discloses the relation of the parties and as matter of law the husband is a proper party plaintiff on such an instrument.

Finally, it is contended that the giving of notice of appeal by the plaintiff in the District Court of Midland County had the effect to excuse appellants from all diligence in attending the District Court of Jones County pending the time when by law the plaintiff might have perfected·his appeal or sued out his writ of error.    It is true the statute now in force under which the transfer to Jones County was made appears to authorize an appeal from such order, and it would of course follow that an appeal duly perfected would suspend the jurisdiction of the court to which the transfer had been made pending such appeal, but we can not hold that the mere giving notice of appeal would have such effect, especially after the lapse of the time within which by law an appeal bond is required to be filed.    The preceding we think is analogous to the issuance of an execution on a final judgment.    It may be suspended by perfecting an appeal but the mere notice of appeal will have no such effect.    It was the duty of appellants to take notice of all proceedings properly had in the District Court of Jones County, the court to which their cause was properly transferred upon their own plea.

We find no error in the judgment and it is affirmed.

*Affirmed.*