APPEAL AND ERROR (§ 1094*)—MORTGAGES (§ 39*)—FINDINGS OF INTERMEDIATE COURT—CONCLUSIVENESS — A b s o l u t e  DEED AS MORTGAGE.

The question whether an absolute deed was intended as a deed or mortgage, where the evidence was conflicting, was one of fact for the trial judge; and his finding, approved by the Court of Civil Appeals, is beyond disturbance by the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4322–4352; Dec. Dig. § 1094;* Mortgages, Cent. Dig. §§ 112, 113; Dec. Dig. § 39.*]

Appeal from Court of Civil Appeals of Second Supreme Judicial District.

Action by E. B. Wilson against Joseph Cochrane.   Judgment for plaintiff, and defendant appeals.   Affirmed.

See, also, 136 S. W. 531.

Johnson, Matthaei & Thompson, of Bellville, for appellant.   Henry S. Paulus, of Yoakum, and C. G. Krueger, of Bellville, for appellee.

BROWN, C. J.   The dates of transactions involved in this proceeding are not important. Therefore I shall not undertake to give the dates of the different conveyances, unless there be some reason for doing so.   In 1871 or 1872 Mr. Cuny sold to Joseph Cochrane, plaintiff in error, 50 acres of land situated in Austin county, and took his note or notes for the purchase price, $550, reserving vendor's lien.   Cochrane went into possession of the land and cultivated it for a number of years, but failed to pay the purchase money. Cuny transferred the note to Jesse O'Bryant. The note still remained unpaid for some years.   Cochrane and his wife, still occupying the place, executed a deed by which they conveyed the land to O'Bryant in satisfaction of the note executed to Cuny, but remained in possession of the land as tenants of O'Bryant, who some years later sold the land to Cochrane, making him a deed thereto and reserving a lien for the purchase price, secured by eight notes, in the sum of $1,400.

Cuny failed to pay the notes, and O'Bryant brought this suit to foreclose his vendor's lien on the land.   Joseph Cochrane denied that the notes sued upon were given for the purchase money of the land, claiming that the deed which he made to O'Bryant, conveying the land, was intended as a mortgage to secure the purchase-money note, and that he did not intend to convey the land by the said deed.   The only evidence that we find which tended to prove that the deed was intended as a mortgage is the statement of Joseph Cochrane himself, and a statement made by a notary public who took the acknowledgment of Cochrane and his wife to the deed, who said that he understood that the deed was a mortgage to secure the notes

on the land; but there is no evidence that O'Bryant was present at the time this declaration was made, or that any person ever suggested to O'Bryant that the deed was not intended to convey the land.   We have condensed this statement, but it presents the substance of the evidence on the issue of mortgage or not.   It is true that great indulgence was shown to Cochrane by the different parties to whom he owed the debt, but there is no evidence that either of them ever recognized the claim that the deed made to O'Bryant was intended as a mortgage.

The attitude of this case is that the only material question for consideration is whether or not the deed which Cochrane made to O'Bryant was a conveyance of the land or a mortgage to secure the purchase money. This presents strictly and purely a question of fact, and depends upon the weight which the judge who tried the case gave to the testimony presented by each side.   There are some questions raised in addition to the one that is presented in this statement, but they are of no importance in deciding the one issue which controls.

The most favorable view of the evidence for plaintiff in error is that the judge of the district court might have found and held that the deed from Cochrane to O'Bryant was a mortgage and did not pass the title to the land.   But it is undoubtedly the law that under the evidence the judge could find, as he did, that the deed in question was not intended to be a mortgage, and that it passed title to O'Bryant, and, so finding, he properly gave the judgment that was entered.   Being purely a question of fact, this court cannot disturb the finding and judgment of the Court of Civil Appeals (136 S. W. 531).   In such conflict of evidence, the conclusions of the Court of Civil Appeals are final.   This court has no power to overrule the conclusions so reached.

The judgments of the district court and Court of Civil Appeals are affirmed.

---

## ZIMMERMAN et al. v. BAUGH.

(Court of Civil Appeals of Texas.   San Antonio. Nov. 12, 1913.)

APPEAL AND ERROR (§ 797*)—MOTION TO DISMISS—TIME FOR FILING.

A motion to dismiss an appeal, because the petition for writ of error was not signed, came too late, when not filed within 30 days after the transcript was filed, as required by Court of Civil Appeals rule 8 (142 S. W. xi); failure to sign the petition not being jurisdictional.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3149–3154; Dec. Dig. § 797.*]

Error to District Court, Bexar County; A. W. Seeligson, Judge.

Action between Bridget Zimmerman and others and W. Pauline Baugh.   From the judgment the parties first named brought

error and the cause was dismissed without opinion. Dismissal set aside and cause reinstated on motion for rehearing.

Don A. Bliss, of San Antonio, for plaintiff in error.

TALIAFERRO, J. This is upon motion to reinstate this cause, which, at a previous day of this term, was dismissed (no written opinion filed) upon motion of defendant in error because the petition for writ of error was not signed by the petitioners or their attorney, as the law requires. We find that no motion to dismiss the appeal was filed within 30 days after the transcript was filed in this court, as required by Court of Civil Appeals rule No. 8 (142 S. W. xi); and, since the failure to sign the petition for writ of error is not jurisdictional, we conclude that the motion to dismiss came too late.

The motion for rehearing is therefore granted, the order of dismissal is set aside, and the cause is reinstated.