O'DONNELL v. CHAMBERS.

(Court of Civil Appeals of Texas. Amarillo. Jan. 3, 1914. Rehearing Denied Jan. 31, 1914.)

1. PLEADING (§ 422*)—SIGNATURE TO PETITION—IRREGULARITY—WAIVER.

The failure of the plaintiff or his attorney to sign his petition as required by statute is a mere irregularity, and unless excepted to, or motion made to strike in the lower court, it will be held waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1414–1417; Dec. Dig. § 422.*]

2. VENDOR AND PURCHASER (§ 270*)—REMEDY OF VENDOR—LIEN—FORECLOSURE.

Where a contract aided by the allegations in the petition evidence an executory contract between plaintiff and defendant by which plaintiff advanced $2,500 to defendant D. to be used in erecting a $2,000 house upon lots then owned by plaintiff, and that if D. repaid the $2,500 as specified in a note for the amount signed by D. and others, plaintiff was to make him a deed to the lots, a default judgment foreclosing a lien on the lots was not error, since plaintiff could either recover the lots or sue on the note and subject the lots and other property to its payment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 764, 765; Dec. Dig. § 270.*]

Error to District Court, Lynn County; W. R. Spencer, Judge.

Suit by J. R. Chambers against T. J. O'Donnell and others. Judgment for plaintiff, and defendant O'Donnell brings error. Affirmed.

H. C. Ferguson, of Lubbock, for plaintiff in error. G. E. Lockhart, of Tahoka, and Synnott & Underwood, of Amarillo, for defendant in error.

HUFF, C. J. This is an appeal by the plaintiff in error T. J. O'Donnell from a judgment by default rendered in the district court of Lynn county, in favor of J. R. Chambers, for the sum of $3,423.65, against T. J. O'Donnell, C. E. Brown, and C. H. Doak, and the foreclosure of a lien to

secure the purchase money for lots 10, 11, and 12, block 22, Chambers' addition to the town of Tahoka, Lynn county, Tex. The judgment recites that the defendants were duly cited and made default, and after hearing the evidence the court rendered a judgment. The petition alleges: That T. J. O'Donnell resides in Nolan county, and that C. E. Brown and C. H. Doak each reside in Lynn county, and for cause of action sets up that on the first day of November, 1909, the defendants therein executed a note for $2,-500, with interest thereon from date at the rate of 10 per cent. per annum and providing for 10 per cent. attorney's fees if suit was brought thereon or if placed in the hands of an attorney for collection. "That at the time of the execution and delivery of said note the defendant and plaintiff entered into the following contract, in writing, to wit: The State of Texas, County of Lynn. We, T. J. O'Donnell and J. R. Chambers, who resides in the said county and state, do on this day enter into the following contract, to wit: Said J. R. Chambers hereby loans to said T. J. O'Donnell the sum of $2,500.00 to be repaid to said Chambers by T. J. O'Donnell on or before one year from this date with ten per cent. interest from date at Tahoka, Texas. Said indebtedness being evidenced by a promissory note executed by said O'Donnell and C. H. Doak and C. E. Brown, in favor of J. R. Chambers. In further consideration of the above loan said O'Donnell hereby agrees and covenants to have erected a dwelling house upon the lot or lots in the Chambers addition to the town of Tahoka, in Lynn county, Texas, before the first day of January, A. D. 1910. Said house to be of the value of about $2,000.00, same to be insured by the said O'Donnell, in favor of the said Chambers. When said O'Donnell repays said Chambers as above stated, said Chambers shall make O'Donnell a good and proper deed of conveyance to said three lots 10, 11 and 12, in block 22, in the Chambers addition to Tahoka, Lynn county, Texas, on which said house is to be built, but in case said Doak or Brown, or both of them, have to pay said note on account of said O'Donnell's default, then said Chambers shall make the deed to said house and lots to him or them as the case may be, in trust for said O'Donnell or upon any terms that said Doak and Brown and Chambers may agree upon. But the said Doak and Brown shall be secured by a lien on said house and lots in case they pay off said indebtedness for O'Donnell.' Signed by T. J. O'Donnell and J. R. Chambers, and witnessed by D. T. Rogers and R. A. Chambers. Plaintiff alleges that said O'Donnell erected a house upon the property above described in a substantial compliance with the terms of said contract and went into possession of said property; that plaintiff agreed to convey the property above described and has been at all times willing and ready to convey the same to said defendants or either of them upon them or either of them, paying said indebtedness, and plaintiff here tenders to defendants a deed in writing to said property upon the payment of said note, together with all interest and attorney's fees due thereon. Plaintiff says on account of the execution of the contract and agreement heretofore stated the defendants have or may have some right, title, or interest in or to the property hereinbefore described, but that plaintiff has and is entitled to a lien against any interest, claim, or demand that defendants have or may be entitled to on account of said indebtedness."

Certain credits are alleged as having been made, and the amount and the date of payment are set out in the petition, and it is further alleged that plaintiff had placed the notes in the hands of C. E. Lockhart, an attorney, for collection, under an agreement to pay the attorney's fees stipulated for in the note. The prayer is for judgment for the debt, interest, and attorney's fees and for a foreclosure of the lien on the above-described land and premises. The petition does not appear to have been signed by an attorney. It has appended at its conclusion, " * * * Attorney for plaintiff, J. R. Chambers." This case is brought up to this court by a writ of error.

[1] Plaintiff in error assigns, first, that the court was in error in rendering judgment because the petition upon which the suit is based was not signed by the defendant in error, was not authenticated by any one or by an attorney representing defendant in error, and that a judgment by default could not be rendered thereon.

It appears to be settled in this state by the courts that a failure to comply with the statute requiring a petition to be signed is only an irregularity and formal requirement which can be amended. In the case of Boren v. Billington, 82 Tex. 137, 18 S. W. 101, Judge Gaines said: "The failure to comply with the requirements is an irregularity that may subject the pleading to be stricken out upon motion, or be treated as a nullity by the court; but it is one which does not operate to the injury of the opposing party." Vilkovitch v. Kleinecke, 33 Tex. Civ. App. 20, 75 S. W. 544; Fidelity v. Lopatka, 24 Tex. Civ. App. 536, 60 S. W. 268; Polnac v. State, 46 Tex. Cr. R. 70, 80 S. W. 381; Zimmerman v. Baugh, 160 S. W. 593; Voorhees v. Eiting (Ky.) 22 S. W. 80. The party filing a pleading is responsible for the allegations therein, and therefore the rule that the pleadings should be signed. It is doubtless required for the protection of the adversary party and the court. The signature adds nothing or takes nothing from the cause of action set forth in the petition. A general exception will not reach a mere formal matter. To hold in the absence of a motion or special exception that a petition should be signed would require greater strictness than is required in

criminal cases. The signature of the foreman of the grand jury to the indictment is a statutory requirement, but it is held to be formal. The Court of Criminal Appeals in a number of cases has held the requirement of the statute should be complied with, but, if not, the omission does not render the indictment invalid. Jones v. State, 10 Tex. App. 552; Weaver v. State, 19 Tex. App. 547, 53 Am. Rep. 389. We think the party who does not move to strike out or except to the pleadings because not signed by an attorney should be held to have waived the defect. We also think the case of Marshal v. Marshal, 30 S. W. 578, a sound one in which the opinion was rendered by Judge Williams while on the Court of Civil Appeals. He therein quotes from the case of Cave v. City of Houston, 65 Tex. 622: "With the means in his power of ascertaining the correctness of the statement made in the citation, the defendant could not wait till a judgment by default was taken, and then, upon appeal to this court, for the first time, set up so slight a defect as the ground for reversing the judgment. If the process is void, the defendant is not required to obey it; but, if merely defective, it brings defendant into court. If he does not then take his exception, at the proper time, he cannot afterwards be heard to urge it as error in this court. Crain v. Griffis, 14 Tex. 358." Judge Williams, continuing, said: "In the case thus referred to the same rule is laid down, and it is said, in substance, that if the defect was one that might be cured by amendment on motion to quash, the party will not be heard on error to complain, not having objected in the court below. These decisions have been referred to and followed in other cases. Loungeway v. Hale, 73 Tex. 497 [11 S. W. 537]; Id. [73 Tex. 495] 11 S. W. 537; Hale v. McComas, 59 Tex. 487."

Our Supreme Court holds that the failure to sign a petition was amendable in the court below. The plaintiff in error herein, with the means in his power to have secured the signing of the petition in the court below, should not on so slight an omission be heard to complain for the first time in this court on a writ of error. The apparently casual statement by Judge Hemphill in the case of Hemming v. Zimmerchitte, 4 Tex. 159, that pleadings not signed will be disregarded, has called forth some discussion by the several courts since that case, and in so far as we are informed, with entire accord, they hold that such omission is a formal matter and subject to correction by amendment.

[2] It is also assigned as error that a judgment was rendered, foreclosing a lien on the lots and for the reason that the note, as evidenced by the contract, was for a loan of $2,500, and that therefore there was no lien retained on the lots in question, to secure the same, but that the title was simply reserved in Chambers. We think the contract, aided some by the allegations in the petition, evidence an executory contract between O'Donnell and Chambers, by which Chambers advanced $2,500 to O'Donnell to be placed in a $2,000 house to be erected upon the lots owned by Chambers. If O'Donnell paid the $2,500 by the time specified in the note, then Chambers was to make him a deed to the lots. If this was not done, he could have recovered the lots, or, in the alternative, he may sue on the note and subject the lots and other property to its payment. Walker v. Emerson, 20 Tex. 707, 73 Am. Dec. 207; Estes v. Browning, 11 Tex. 244, 245, 60 Am. Dec. 238; Hill v. Still, 19 Tex. 76; Keys v. Mason, 44 Tex. 140–144. Chambers, having elected to treat the lots and improvements thereon as the property of O'Donnell, could sue for the debt due to secure which he had retained title in himself to the lots. He, by his petition, recognized that plaintiff in error, O'Donnell, had an equity in the lots to the extent of his improvements, and also by going into possession thereof under the contract. If O'Donnell desired to protect his equity, he was given the opportunity to do so by paying the money due and accepting the deed tendered by the pleadings.

We think the judgment should be affirmed, and it is so ordered.