TEXAS AUTO SUPPLY CO. et al. v. MAG-
NOLIA PETROLEUM CO.  (No. 6207.)

(Court of Civil Appeals of Texas.  San Antonio.
April 23, 1919.)

1. CONTRACTS ⟨⟩332(2)—PLEADING—SUFFI-
CIENCY.

A petition, alleging that plaintiff sold to A.
certain merchandise, "which account is still
wholly due and unpaid," and that the property
of A. was transferred to J. and was transferred
by J. to defendant, and that "the consideration
of said bill of sale and transfer in bulk was the
assumption of the payment * * * of the ac-
counts against J. and A., including the account
of plaintiff which is sued on herein," stated a
cause of action.

2. APPEAL AND ERROR ⟨⟩275—MATTERS RE-
VIEWABLE—WAIVER OF OBJECTION.

Failure to invoke action of the trial judge
upon a general demurrer and special exceptions
was a waiver of the exceptions, and the case
will be viewed on appeal as though they were
never filed.

3. APPEAL AND ERROR ⟨⟩248—MATTERS RE-
VIEWABLE—WAIVER OF OBJECTION.

Where the record showed that all exceptions
were waived, appellant must base his attacks
on a judgment on the proposition that the peti-
tion states no cause of action, and that it was
fundamental error to render a judgment based
upon it.

Error from Travis County Court; D. J.
Pickle, Judge.

Action by the Magnolia Petroleum Com-
pany against the Texas Auto Supply Com-
pany and another.  There was a judgment
for plaintiff, and defendants bring error.
Affirmed.

See, also, 191 S. W. 573.

E. H. Ratcliff and A. W. Christian, both of
Ft. Worth, for plaintiffs in error.

John W. Hornsby, of Austin, for defendant
in error.

FLY, C. J.  This is a suit instituted by de-
fendant in error against the Texas Auto
Supply Company and H. B. Lyne, individu-
ally and as its president, for $278.90 upon the
trial of which judgment was rendered for
defendant in error in the amount sued for,
with 6 per cent. interest from October 18,
1915, and all costs incurred.

It was alleged in the petition that during
August and September, 1915, defendant in
error sold and delivered to the Austin Tire &
Supply Company certain merchandise of the
value of $278.90;  that the property of said
Tire & Supply Company was transferred to
J. J. Milstead, and was transferred by Mil-
stead to plaintiffs in error, and that "the con-
sideration of said bill of sale and transfer
in bulk was the assumption of the payment
by said H. B. Lyne and Texas Auto Supply
Company of the accounts against said J. J.
Milstead and Austin Tire & Supply Company,
including the account of plaintiff, which is
sued on herein."

[1] In the first paragraph of the petition
in which are found the allegations of a sale
of the merchandise to the Austin Tire & Sup-
ply Company, it was alleged, "which account
is still wholly due and unpaid."  If that be
true, and plaintiffs in error had bound them-
selves to pay it, it would seem to follow that
they had not paid it.  The obligation is a
clear assertion of a breach of the contract
to pay the amount owed.  We are of opinion
that the petition stated a cause of action.
While plaintiffs in error filed general and
special demurrers and answer to the merits,
they were not present at the trial, and did not
urge their exceptions or make any defense,
and the court, after hearing the testimony,
rendered judgment for defendant in error.

While the allegations may have been in-
sufficient to bring the transaction within the
purview of article 3971, Rev. Stats., still the
petition contained allegations as to the as-
sumption of the debt by plaintiffs in error,
and all the allegations of the petition taken
together show liability upon the part of plain-
tiffs in error.

[2, 3] The general demurrer and special ex-
ceptions were never acted upon by the trial
judge, and the failure to invoke such action
was a waiver of the exceptions, and the case
will be viewed as though they were never
filed.  Sup. Comdy. Knights of Golden Rule
v. Rose, 62 Tex. 321; Ins. Co. v. Boren, 83
Tex. 97, 18 S. W. 484; Bonner v. Glenn, 79
Tex. 531, 15 S. W. 572.  It follows that plain-
tiff in error must base his attacks on the
judgment on the proposition that the petition
states no cause of action, and it was funda-
mental error to render a judgment based
upon it.  We think the petition states a cause
of action.  Loungeway v. Hale, 73 Tex. 495,
11 S. W. 537.

There is no merit in the writ of error, and
the judgment will be affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes