## IKARD v. GREEN. (No. 10564.)

**(Court of Civil Appeals of Texas. Fort Worth. March 29, 1924.)**

**1. Appeal and error ⟨key⟩1152—Reformation on appeal of judgment against receiver held warranted.**

In an action on a promissory note against a receiver of a partnership and the individual partners, *held*, that a judgment for plaintiffs would be reformed so as to make it specifically show that it was not against the receiver personally, and that it was to be satisfied, if possible, first out of the funds in his hands in accordance with Rev. St. arts. 2133, 2146.

**2. Pleading ⟨key⟩406(5)—Allegation of ownership and right to sue in plaintiff held sufficient.**

Allegation in action on note that same was "made, executed, and delivered to plaintiff * * * for a valuable consideration, paid by plaintiff to" defendant partnership, *held*, in absence of any plea denying partnership or questioning plaintiff's capacity to sue, or any exception or demurrer, sufficient allegation that plaintiff was owner and holder and entitled to sue.

**3. Costs ⟨key⟩234—Appellants effecting modification only in respect to matter not complained of below held liable for costs of appeal.**

Where appellants on appeal effected only a modification of the judgment so as to eliminate particular uncertainties, in a respect not complained of in the court below, *held* they were liable for all costs of such appeal.

Appeal from Clay County Court; J. F. Vaden, Judge.

Action by J. W. Green against Lewis Ikard, receiver of the Small-Lynch Company, and others. Judgment for plaintiff, and named defendant appeals. Judgment reformed, and as reformed affirmed.

Wantland, Dickey & Glasgow, of Henrietta, for appellant.

Muse & Taylor, of Henrietta, for appellee.

CONNER, C. J. This suit was instituted by appellee, Green, against Lewis Ikard, receiver of the Small-Lynch Company, B. C. Small, and others, to recover upon a promissory note in the sum of $224.15.

It was alleged that the Small-Lynch Company was an unincorporated company constituting a partnership composed of B. C. Small and other individuals named, and that the note declared upon had been executed on the 17th day of June, 1921, by the Small-Lynch Company, acting by its president, B. C. Small, and secretary, J. S. Dickey, Jr., in accordance with the articles of the association creating the firm. It was specifically alleged that the note declared upon was "made, executed, and delivered to plaintiff herein before the date of the appointment of Lewis Ikard, receiver of said company, their certain promissory note in the transaction of the business of said company in the sum of $224.15, with interest thereon at the rate of 8 per cent. per annum from date until paid, due and payable eight months from said date, for a valuable consideration paid by plaintiff to said company."

Appropriate averments for the recovery of attorneys' fees were also made, followed by a proper prayer for recovery. The defendants appeared and answered by a general denial only.

The trial was before the court without a jury, and the judgment, so far as necessary to quote, is that the plaintiff, J. W. Green, "do have and recover of the said defendants, Lewis Ikard, receiver of the Small-Lynch Company, as such, B. C. Small, W. J. Lynch, F. P. Neville, F. O. Moore, and J. S. Dickey, Jr., the sum of $224.15 with interest thereon at the rate of 8 per cent. per annum from June 17, A. D. 1921, until this date, and with interest on said principal sum and interest at the rate of 6 per cent. per annum from this date until paid, together with 10 per cent. additional on principal and interest, as attorneys' fees, together with his costs in this behalf expended, and that he have his execution."

From this judgment the defendants have duly prosecuted an appeal to this court. We have no statement of facts or conclusions of law and fact by the trial court.

The assignments urge error, first, on the ground that the petition "nowhere alleges that the plaintiff is the owner and holder of the note sued upon, nor is there any allegation that the plaintiff has any right or capacity to institute and maintain said suit." Second, that the judgment is erroneous, in that it is against the receiver personally and not in his representative capacity. The third is to the effect that the judgment should have provided that it be first satisfied out of the assets of the company.

Under article 2133, Rev. Statutes, a receiver is given power, under the control of the court, to bring and defend actions in his own name as receiver, to take charge and keep possession of the property, to receive rents, collect, compound for, compromise demands, make transfers, and generally do such acts respecting the property as the court may authorize.

And by article 2146 suits against a receiver are authorized, and it is provided that:

"If a judgment is recovered against said receiver, it shall be the duty of the court to order said judgment paid out of any funds in the hands of said receiver as such receiver."

[1] While we think it reasonably appears that the judgment below was against the receiver in his respective capacity, the complaint of the judgment on this ground, as

well as the complaint that the judgment should have required its payment out of any funds in the hands of the receiver, as provided for in article 2146, can easily be obviated by a reformation of the judgment, and accordingly the judgment will be here reformed so as to more specifically show that it is not against the receiver personally, and that it be first satisfied, if it can be done, out of any funds in his hands.

The only complaint that we think requires special notice is embodied in the first assignment of error as limited by appellant's proposition thereunder, to the effect that the petition upon which the judgment is founded fails to allege "that plaintiff is the owner and holder of the note sued on."

Appellant cites in support of his proposition under this assignment the cases of Gilder v. McIntyre, 29 Tex. 89, and Malone v. Craig, 22 Tex. 609. In the first case, it was said by our Supreme Court that:

"To maintain an action upon a note, it is necessary to aver some act on the part of the maker which, in law, will fix liability on him; such as that he made and executed the note, showing that it is his act and deed; and it must also be averred that the plaintiff is the owner or has an interest in the note; and if there be a defect in the petition in either respect it will be defective."

In that case, however, it appears that McIntyre sued Gilder upon a promissory note, alleging that he, McIntyre, "is the owner and holder of a certain promissory note, made and executed for a valuable consideration by A. J. Gilder and John G. Knapp." The court held that the allegation was insufficient compliance with the rule embodied in the quotation we have given from the opinion and sufficient to sustain the judgment.

In the case of Malone v. Craig, supra, it was held that the petition, upon a promissory note, was insufficient because it failed to allege that the notes there declared upon were executed and delivered to the plaintiff, or that he was the owner and holder thereof.

[2] In this case, however, it will be noted from the quotations we have made from the petition that the plaintiff alleged that the note in question had been "made, executed, and delivered to the plaintiff * * * for a valuable consideration paid by plaintiff to said company." We think this allegation, in the absence of a plea denying the partnership, or that questions the plaintiff's capacity to sue, and in the absence of any exception or demurrer, is sufficient to sustain the judgment, particularly when the exception is made for the first time on appeal.

In the case of Barnard v. Moseley, 28 Tex. 543, it appears that Moseley instituted suit against Barnard, alleging that Barnard gave him a "due bill or instrument in writing, given below by words and figures as follows." The instrument declared upon was set out and judgment rendered for the plaintiff by default, but on appeal the court held that:

"The averment that the defendant, Barnard, gave the written instrument to the plaintiff, we believe equivalent to averring that he had made, executed, or signed and delivered it to the plaintiff. 20 Tex. 132."

And the judgment was accordingly affirmed.

See, also, Loungeway v. Hale, 73 Tex. 495, 11 S. W. 537, of like effect. In that case the surviving widow and only heir of J. W. Hale sued Loungeway upon a promissory note, set out in the petition, and to foreclose a lien to secure the same. The plaintiffs alleged that "said Loungeway is justly indebted to them by reason of his certain promissory note executed on the 9th day of June, 1883, in favor of J. W. Hale for the sum of $110, * * * drawing 12 per cent. interest from maturity," etc. The note was then copied in the petition, and it was further alleged that "to secure the payment of said note defendant made, executed, and delivered to J. W. Hale at the time he executed and delivered to him the said note above set out, to wit, on the 9th day of June, 1883, his certain instrument in writing, purporting to be a mortgage or deed of conveyance to the following described lands, subject to be defeated only by payment of said note and interest, which land is described as follows." A judgment by default was rendered for the plaintiffs, and defendant appealed. On appeal, among other things, it was contended, as in effect here, that the allegation of the plaintiffs' petition did not show their right to recovery. In disposing of the contention our Supreme Court said:

"The petitioner does not in terms allege that petitioners are the legal owners and holders of the note, but it does show that they acquired the ownership and the right of possession of the note by descent from the payee, J. W. Hale. This we think sufficient to support the judgment in their favor, the defect in the allegation being made for the first time in this court."

[3] We conclude that the judgment below should be reformed as hereinbefore indicated, and as reformed affirmed. And inasmuch as appellants made no complaint in the court below of the uncertainties cured by our reformation of the judgment, we think they should be taxed with all costs of appeal, and it is so ordered.