## AUSTIN v. CITIZENS' BANK OF ROGERSVILLE. (No. 8059.)

Court of Civil Appeals of Texas. San Antonio, Oct. 24, 1928.

Lloyd & Lloyd, of Alice, for appellant.
Perkins & Floyd, of Alice, for appellee.

FLY, C. J. This suit was instituted by appellee, the Citizens' Bank of Rogersville, Tenn., against appellant to recover on a note for $5,000, executed and delivered by appellant to appellee, and for interest and attorney's fees. After application for continuance and plea in abatement by appellant had been overruled, appellant filed general demurrer and special exceptions, general denial, and special answers, and also filed a cross-

action, which was dismissed by the court. The cause was tried without a jury, and judgment rendered in favor of appellee for the sum of $1,944.75 and $194.47, amounting in the aggregate to $2,139.22.

The note was executed by the Chevrolet Company and C. H. Austin as principals and was indorsed by O. A. Moers, F. Y. Kitzmiller, and C. H. Austin. It was alleged in the petition that appellant was doing business under the name of Austin Chevrolet Company and that the note sued on was his note.

A continuance of the cause was sought on the grounds that he desired to show that the note sued on was secured by a mortgage on valuable property in Tennessee; that the indorsers O. A. Moers and F. Y. Kitzmiller had assumed full and entire responsibility on said note; that appellant desired to obtain a copy of the mortgage and had written to the official recorder to obtain the same, but he failed to send such copy; that he desired to show that the two indorsers of the note hereinbefore named had received the property and assumed payment of the note, and that it was necessary for appellant to take the deposition of a telegraph operator who received, by telegraph, an offer by Moers to take the property and assume payment of the debt, which offer was accepted by appellant; that appellant had lost copies of the telegram; and that he seeks an order of the court to require the operator to send copies of the telegram, and also desired to take the deposition of Moers on the same subject. The motion for continuance was properly denied. If all the transactions alleged to have occurred between appellant and the indorsers of the note had been proved, such proof would not have been an answer to the demand which was evidenced by the promissory note. If appellant was the principal on the note, as appears from the note, he was liable on it, and he would have no cause of action over against the indorsers, and it was immaterial that Kitzmiller and his wife had given a mortgage on real property to secure the debt sued on among others. The deed of trust, which is made a part of the answer, shows that Kitzmiller was an indorser of the note sued on, and describes it as having been given by the Austin Chevrolet Company, and states that he was indorser thereon. Appellant stated in the motion to continue the case in order that he might show that, in consideration of the property on which the mortgage had been given by Kitzmiller and Moers to secure the debt, that they had agreed to assume the debt to appellee, but none of the testimony mentioned in the motion tended in the least to show those facts. The motion was too vague and indefinite to form the basis for a continuance.

Appellant sought to offset a claim he had against Kitzmiller and Moers, with which appellee was in nowise connected, against a claim upon which appellee was suing him. Let it be admitted that appellant had executed and delivered a mortgage to Kitzmiller to secure the debt, how does that affect appellant's liability? It is alleged in the answer:

"That for the purpose of better securing the payment of said note plaintiff took and received from F. Y. Kitzmiller and wife, Katherine A. Kitzmiller, a certain mortgage or deed of trust, a copy of which is attached hereto and made a part hereof for all purposes, which covered, included and created a lien upon the property therein described in favor of plaintiff herein. That said deed of trust or mortgage is now valid and subsisting, and is subject to being, and can now be, enforced for the purpose of paying the indebtedness evidenced by the note sued on in this cause. That said property is very valuable and worth in actual cash more than the indebtedness it secures.

"That defendant delivered and paid to said O. A. Moers and F. Y. Kitzmiller sufficient property and cash to pay all of said note both principal and interest; that said O. A. Moers and F. Y. Kitzmiller jointly and severally accepted said property as full and final settlement of defendant's obligation on said note and agreed to pay and settle same in full; and that for such reason defendant has paid all of said note that he should be, rightfully and in good conscience required to pay; that said O. A. Moers and F. Y. Kitzmiller, together and severally, are bound and obligated and should be required to pay all of said note, principal, interest and attorney's fees and it is their obligation. That for such reason plaintiff is not entitled to a judgment thereon against defendant and he is entitled to have said note canceled and declared paid."

The deed of trust or mortgage referred to in and attached to the answer purports to have been executed by Kitzmiller and wife on a number of tracts of land in Tennessee, to secure a number of debts, several of which were given preference over a debt which is described as:

"To Citizens' Bank of Rogersville by note in the sum of $5,000.00, of date January 2, 1924, due six months after date, executed by the Austin Chevrolet Company, and indorsed by me."

There is nothing to indicate that the value of the property was not exhausted by payment of the preferred debts. If, however, the property had been sold and its proceeds appropriated by Kitzmiller, that fact would not relieve appellant from liability on the note which he owed. The copy of the mortgage fails to show that it had ever been signed by Kitzmiller and wife or acknowledged by them. The application for continuance, as well as the answer, leaves too much to imagination or inference to constitute a defense.

Payment by appellant of the entire debt to Kitzmiller and Moers would be no defense against the claim of appellee. No effort was shown to have Kitzmiller and Moers made parties to the suit. If appellant has an action against any one, it is Kitzmiller and Moers and not appellee.

Appellant's third and fourth propositions are based on the assumption that all necessary parties were in a court of equity, while the facts are that only two parties were before the court and they in a court of law. Kitzmiller and Moers were not necessary parties to a suit instituted by the payee against the principal in the notes, and, if appellant desired their presence in the suit, it was his duty to have impleaded them and had them made parties; the sole object of appellant being to compel appellee to collect its debt through foreclosure of a mortgage not even shown to be in existence. Appellee had the authority to sue the principal obligor in the contract either alone or jointly. Rev. Stats. 1925, art. 1986; Glasscock v. Hamilton, 62 Tex. 143.

The judgment is affirmed.