## HECHT v. WEISSENBERGER.
### No. 8797.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1932.

Rehearing Denied May 11, 1932.

Jesse G. Foster, of Raymondville, for appellant.

A. B. Crane, of Raymondville, for appellee.

COBBS, J.

We adopt the statement of the case as made by appellant; the same being approved by appellee:

The suit was instituted by "appellee, Fred Weissenberger, against the appellant, William G. Hecht, and his wife, Maud S. Hecht, being based upon an alleged $8,000 note supposed to have been signed by William G. Hecht and wife, Maud S. Hecht, Louis J. Hinton and Alice M. Hinton, and alleged to have been renewed by said parties along with Carl Mausling and Sophia Mausling, the cause of action of the plaintiff below being based upon said $8,000.00 note and one $480.00 note. The plaintiff below went to trial on his second amended original petition attached to which was an Exhibit 'A' identified as a first mortgage note secured by real estate in the sum of $8,000.00 and Exhibit 'B' in the sum of $480.00 alleged to be a note for interest on said $8,000.00 note and an alleged extension agreement supposed to have been executed in the State of Minnesota by all of the parties, William G. Hecht, Maud Hecht, L. J. Hinton, Alice Hinton, Carl Mausling and Sophia Mausling. The petition of the plaintiff on which he elected to go to trial, failed to make any other parties defendants except William G. Hecht and wife, Maud Hecht, it being alleged that the other parties are non-residents or else insolvent.

"The defendants answered by their first amended original answer setting up a sworn plea in abatement to the effect that said note showed on its face it was secured by real estate and to the further effect that these defendants, if liable on said note at all, they were liable only as sureties. They further answered by General Demurrer, and special exceptions to the effect that the petition of the plaintiff wholly failed to allege any fact under the law as to bind either the husband, William G. Hecht or his wife, Maud S. Hecht, and to the further effect that there was no allegation in said petition sufficient to predicate a cause of action against the wife, Maud S. Hecht.

"This was followed by a denial and was properly sworn to by William G. Hecht. Upon the call of said case, the trial court immediately overruled the sworn plea in abatement and also the general demurrer of the defendants, and the special exceptions of said defendants, and the matter then coming on for hearing before the court without a jury, the plaintiff was permitted, over the objection of the defendants, to introduce in evidence the alleged $8,000.00 note and alleged smaller note, together with the alleged extension agreement, all of which is more completely shown in the statement of facts.

"Thereupon the court rendered judgment against the defendant, William G. Hecht, but did not render judgment against the wife, Maud S. Hecht."

█ Exhibits to a petition are deemed and considered part of it for the purpose of determining the sufficiency of the petition and the averments of the cause of action.

Appellee alleges, as shown in the exhibits and the pleading, that the defendants made the promissory notes jointly, and, by the making thereof, the said William G. Hecht and his wife, Mrs. Maud S. Hecht, became liable and bound to pay the said sum, with interest on the same, as therein provided. No judgment was taken against Mrs. Hecht. By an agreement of the parties, said $8,000 note was extended, together with the note for $480, and in the extension it was stipulated that the parties were jointly liable, and promised to pay the same. It is further alleged in the petition: "Wherefore the premises considered the plaintiff prays the court that upon final hearing of this cause that the plaintiff have judgment for his debt, interest and costs of court."

In the transcript is a note in regular form, due the 1st day of March, 1925, which says "I promise to pay to the order of Fred Weissenburger $8,000.00 * * * signed William G. Hecht Maude S. Hecht," and a similar note for $480 signed by the defendants, W. G. Hecht, Maud Hecht, L. J. Hinton, Alice Hinton, Carl Mausling, Sophia Mausling.

And the extension agreement, being Exhibit B. in the transcript, reads, in part, as follows:

"That whereas the said Fred Weissenburger, party of the first part, is the owner and holder of a certain promissory note for $8,000.00 made by W. G. Hecht and Maude Hecht * * * parties of the second part, dated March 1, 1920, payable to the order of Fred Weissenburger * * *

"And whereas, at the special instance and request of the said W. G. Hecht and wife * * * the said Fred Weissenburger has extended the time and payment of said note and mortgage from March 1, 1925, to March 1, 1930.

"Now, therefore, in consideration of said extension said W. G. Hecht and Maude Hecht, his wife, * * * do hereby agree with the said Fred Weissenburger to pay said principal sum at its maturity, as hereby extended, with interest thereon, until fully paid, at the rate of 6 per cent. per annum payable annually on the 1st day of March in each year. * * *

"And the said W. G. Hecht and Maud Hecht, his wife, * * * further agree to pay the said principal note. * * *" Fuqua v. Pabst Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Greef v. Assurance Society, 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659; Warren v. La Salle County (Tex. Civ. App.) 262 S. W. 527; 21 R. C. L. 476, par. 39; Insurance Co. v. Mathers (Tex. Civ. App.) 31 S.W.(2d) 1095.

The allegations of the petition are controlled by the statement made in the written instrument sued on. Bynum v. Preston, 69 Tex. 287, 6 S. W. 428, 5 Am. St. Rep. 49.

Where a pleading sets out an attached note in hæc verba, which shows on its face to be payable to the plaintiff, it is not necessary to allege delivery of the note, because the language itself imports a delivery. Blount v. Ralston, 20 Tex. 132; Loungeway v. Hale, 73 Tex. 495, 11 S. W. 537.

It is a well settled rule of law that a demurrer admits all the material allegations contained in the pleading. The petition stated that the defendants made, executed, and delivered to plaintiff their written agreement by the terms of which the defendants agreed to pay plaintiff said two notes, and the plaintiff bound himself to extend the two notes, which shows that plaintiff is the owner of the notes and that defendants have promised to pay the same to him. The petition then states: "By the signing of the original note and the extension agreement the defendants became bound and liable to pay the two notes; and says that the defendants have failed to pay the notes to the plaintiff's damages in the sums set forth in said notes and all interest thereon."

No question of defendant's suretyship is involved in this case. There is nothing to prevent the signers of the notes to litigate at a later term to determine who is principal and who is surety on the notes. But, since appellant admitted signing the note and his name appears where the principal of the note should sign, and as he did not offer any evidence to show that he was surety at the time he signed the note and at the time the extension agreement was made, there is no error in the court's ruling. All the notes and agreement were signed by W. G. Hecht first, and there is nothing to indicate that he was a surety, and the law will presume that he was a principal until such time as he shows he was a surety.

Principals on notes may be sued alone or jointly with other makers whether sureties or otherwise. Austin v. Citizens' Bank (Tex. Civ. App.) 10 S.W.(2d) 227.

Appellee did not sue to foreclose the lien on the land; he only sued for a personal judgment against the makers of the notes. The land was in another state. 37 C. J. p. 333, par. 51; McBride v. Beakley (Tex. Civ. App.) 203 S. W. 1137; 25 Cyc. p. 674; 17 R. C. L. p. 606.

The argument of appellant that appellee must first exhaust the land before suing the maker of the note is not good, in that a holder of the note may waive his lien if he wishes; besides, it would be harsh to require the note holder to sell the land in another state before suing the defendant in the state where he lived. The note holder may take a personal judgment and go to the other state and sell the land in payment of his debt just as though he had first sold the land in the other state before taking judgment for the debt. There is nothing in this record to show that the land is of any value, or that it is as valuable as the face of the note. The assignment must be overruled.

A very careful reading of appellant's assignments convinces that there is no merit in any of them, and they are overruled.

The judgment is affirmed.