## STRIPPELMANN AND ANOTHER v. CLARK.

Where there was an indorsement on a deed, as follows, "We admit the execution "of this deed in this case and waive proof thereof; and that the title of the two "lots was in Dewees and Wallace, at the time this deed was made," which purported to be signed by the attorneys of the parties, and the deed was admitted in evidence, at an *ex parte* trial, without further proof, and without proof of the handwriting of the defendant's attorney, and a motion for a new trial was made by the defendant and overruled, this Court said: They (the attorneys who signed the indorsement on the deed) were officers of the Court; and their signatures were judicially known to the Court. If, in point of fact, the agreement was not what it purported to be, or the signatures were not genuine, this should have been stated in the application for a new trial.

Where a deed does not purport to have been executed by attorney, an agreement to admit its execution and to waive proof of the same, admits the authority of the attorney, in case it should transpire that it was not executed by the grantor, in person. In this case the deed was from two, one of whom appeared before the county Clerk and acknowledged that he had signed the names of both, a certificate of which was on the deed at the time the agreement to admit its execution was also indorsed upon it.

Where a cause is tried in the absence of one party and his attorney, it is not sufficient, in a motion for a new trial, to make a case that would have been good cause for a continuance; but good cause also must be shown why neither the party nor his attorney was present to move for a continuance.

Error from Colorado. This was an action of trespass to try title to certain lots in the town of Columbus. The defendants pleaded "not guilty," and, specially, title in the defendant Strippelmann, and other matters in bar of the action. When the case was called for trial, no person appeared for the defendants, and the trial proceeded *ex parte*. The plaintiff gave in evidence a deed of conveyance of the lots to himself, purporting to be executed by Dewees and Wallace, by their respective signatures. Attached to the deed was a certificate of the Clerk of the County Court, of the acknowledgment of one of the grantors, Dewees, that he had signed his own name to the deed and that of the other grantor with a knowledge of its contents; and, indorsed upon the deed, there was an agree-

ment by the attorneys of record, in the case, which was given in evidence, and is as follows: "We admit the execution of "this deed, in this case, and waive proof thereof; and that "the title of the two lots was in Dewees and Wallace, at the "time this deed was made:" signed by the attorneys of record of both parties. The jury returned a verdict for the plaintiff.

On a subsequent day of the Term, the defendants moved the Court for a new trial, and assigned as causes the following:—

1st. That the verdict was not warranted by the evidence; in that there was no deraignment of title, or proof that dispensed with it.

2nd. That the defendants were absent from town, and their counsel was also absent, and unable to attend to the case, by reason of sickness, and that they had a meritorious defence.

In support of the motion, the defendants read the affidavit of the defendant Strippelmann, in which he stated that "he was absent from Columbus on important business," when the cause was tried; that he expected his attorney to have attended to the trial; but that he was unable, from sickness, to attend; that his only witness was absent from the same cause; he also stated what he expected to prove by the witness and in what his defence consisted. The affidavit of the attorney of record was also submitted, who corroborated the statement of the defendant, as to the cause of his own absence and that of his witness.

The Court overruled the motion and gave judgment for the plaintiff; and the defendants brought a writ of error.

*J. H. Robson*, for plaintiffs in error.

*G. W. Smith*, for defendant in error.

WHEELER, J. The grounds of error relied on, which are deemed to require notice, relate to the sufficiency of the evidence to support the verdict, and of the matters stated in the

37

application for a new trial, to excuse the non-attendance of the defendants, to urge their defence, or ask a postponement of the trial.

It is objected to the sufficiency of the evidence, that there was no proof of the signature of the defendants' counsel, to the agreement indorsed on the deed of conveyance. The agreement was signed by the attorneys of record. They were officers of the Court; and their signatures were judicially known to the Court. If, in point of fact, the agreement was not what it purported to be, or the signatures were not genuine, this should have been stated in the application for a new trial: and, if made satisfactorily to appear, the application would doubtless have been granted.

It is insisted, however, that the agreement of counsel did not amount to an admission of the execution of the deed by both grantors. We think otherwise. The admission of the execution of the deed, is, of course, to be understood of its due and legal execution, by the parties by whom it purports to have been executed. That a deed has been executed, is a legal conclusion, resulting from certain acts done; that is, the signing, sealing and delivery: and the admission of the legal conclusion necessarily includes an admission of the facts on which it is dependent. By waiving proof of the execution of the deed, the defendants, unquestionably, were to be understood as having waived any and all proof, which the plaintiff may be supposed to have had it in his power to adduce, of the facts necessary to constitute the legal execution of the deed : including, of course, proof, either of the signing by the grantors in person, or by some one legally authorized to sign for them.

The certificate of the Clerk of the county Court, of the acknowledgment of one of the grantors, made, doubtless, for the purpose of admitting the deed to record, does not repel this conclusion. It does not disprove the admitted fact, of the due execution of the deed by both grantors. If one made both signatures, it is to be taken, under the admission in ques-

tion, that he had a power of attorney investing him with authority to make them. Its production was dispensed with, by the admission of the execution of the deed. The agreement of counsel clearly superceded the necessity of proof of the execution of the deed. It was rightly admitted in evidence, without other proof of its execution; and was evidence of the transmission of the title, from the grantors to the plaintiff, sufficient to warrant the verdict.

The application for a new trial was manifestly insufficient. The absence of the defendants' witness would have been good cause of continuance; and the unadvoidable absence of his attorney might have authorized a continuance, if applied for in time. But application must have been made at the proper time; or a sufficient legal excuse shown for the omission. That one of the defendants was absent " on important business," when the nature of the business is not stated, and the conclusion rested in the opinion of the party himself, and on his unsupported affidavit, manifestly was not such an excuse.

This conclusion supercedes the necessity of considering the merits of the defence, disclosed in the application for a new trial. And it is deemed proper to abstain from the expression of a definite opinion upon its legal sufficiency; the more especially, as the facts of the case may be supposed to be very imperfectly presented. As presented, however, if the right to a new trial had rested solely on the merits of the defence, it is not perceived that there was error in refusing it, on the whole evidence, before the Court, upon the application.

We are of opinion that there is no error in the judgment; and that it be affirmed.

Judgment affirmed.