28  545.
75  157
28  545
87  169

### THOMAS O. MOODY v. BENGE &. JEWELL.

The facts constituting the plaintiff's right to recover, and fixing the liability of the defendant to the plaintiff, must be averred directly and distinctly, and it is not sufficient that they may be supplied by inference from the allegations of the petition. (Paschal's Dig., Art. 1427, Note 537.)

In a petition on a promissory note, an averment that the note was delivered to the plaintiff, or to some other person through whom he claims, is as necessary, to entitle the plaintiff to recover, as is the averment of the execution of the note by the defendant. Without an averment of such delivery no privity of contract is established between the parties, no liability is fixed on the maker of the note, and no right of recovery is shown in the plaintiff.

See the facts of this case for a petition on a promissory note *held* to be fatally defective in not sufficiently averring a delivery of the note to the plaintiffs. Whether the petition sufficiently avers the execution of the note by the defendant is also questioned, but not decided.

In this case judgment was rendered by default in the court below, and the error for which the judgment is reversed is not reached by the assignment of errors; but the error being patent on the face of the petition, and going to the foundation of the action, this court takes cognizance of it upon the submission of the case by the defendant in error on suggestion of delay. (Paschal's Dig., Art. 1581, Note 613.)

ERROR from Tarrant. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

35—XXVIII

The defendants in error, on the 18th of May, 1860, filed in the District Court of Tarrant county the following petition against the plaintiffs in error:

"Your petitioners, Ware, Benge, and H. C. Jewell, citizens of Johnson county, Texas, complain of Thomas O. Moody, a citizen of Tarrant county, Texas. Petitioners state that they are merchants and partners, trading and doing a mercantile business under the name and style of Benge & Jewell. Petitioners state that heretofore, to wit, during the year 1858 and part of the year 1859, the said Thomas O. Moody bought of them goods, wares, and merchandise to the amount of $291 04, for which, on a certain day, to wit, June 3, 1859, he gave his promissory note, as follows, in words and figures below, by copy:

"$291 04.                    "FORT WORTH, *June* 3, 1859.
"One day after date, I promise to pay to the order of Benge & Jewell $291 04, value received, with ten per cent. interest."

Petitioners state "that said note is due, that it is unpaid, and that the said Thomas O. Moody neglects and refuses to pay the same, to their great damage, to wit, one hundred dollars. Wherefore they sue, and file herewith their original note, marked exhibit A, and to be taken as a part of this petition," concluding with prayer for citation, judgment, &c. The note itself, corresponding with that set out in the petition, was filed with the petition.

Citation being returned served, and no appearance being entered for the defendant, judgment by default was rendered against him at the ensuing term of the court for the amount of the note and interest.

He sued out his writ of error, and assigns for error alleged defect in the citation, in the sheriff's indorsement thereon, and in the service and return thereof.

No brief for plaintiff in error furnished to the *Reporter.*

*Ferris & Nicholson,* for defendants in error, suggested delay.

COKE, J.—This is a judgment by default, rendered in the District Court of Tarrant county against the plaintiff in error.

The case is submitted by the defendant in error upon a suggestion of delay.

Upon inspection of the record, we find an error patent upon the face of the petition for which the judgment must be reversed.    Waiving the question as to whether the allegations of the petition, taken together, are tantamount to an averment of the execution of the note sued on by Moody, the plaintiff in error, of which we think there may be some doubt, there is no averment of a delivery of the note to the defendants in error, nor that they are the owners and holders of the note.

The petition alleges that Moody "gave" his promissory note, but to whom he gave it is not alleged.    It is true, we may infer from the statements of the petition that he gave it to Benge & Jewell, and that they are the owners of it, but in doing so we would be dispensing with a well-established rule of pleading, which requires that the facts constituting the right of a party to recover, and fixing the liability of his adversary, shall be averred directly and distinctly in his pleading, and not left to be supplied by inference.

An averment that the note was delivered to the plaintiff, or to some other person through whom he claims, is as necessary to entitle the plaintiff to recover as is the averment of its execution by the maker, otherwise there is no privity of contract established between the parties, no liability fixed on the maker, and no right shown in the plaintiff.    (Jennings v. Moss, 4 Tex., 452.)

The cases of Lipscomb v. Bryan and Malone v. Craig, 22 Tex., 610, are precisely in point and decisive of this.

In those cases, where the petitions averred the execution and delivery of the notes sued on by the defendants, but did not aver to whom they were executed and delivered, the court said: "We are of opinion that the petitions in these two cases do not state the cause of action of the plaintiffs with sufficient precision and accuracy to entitle them to recover."

And such is our opinion in this case. The judgment will be reversed and the cause remanded, to afford the plaintiffs in the court below an opportunity to amend their petition.

Reversed and remanded.