SANTA FÉ, L. E. & P. LAND & TRUST CO. v. CUMLEY.†

(Court of Civil Appeals of Texas. Oct. 15, 1910. Rehearing Denied Nov. 19, 1910.)

1. APPEARANCE (§ 9*) — JURISDICTION OF DEFENDANT—PLEA OF PRIVILEGE.

A verified plea of privilege, without any limitation, is a general appearance sufficient to support a judgment by default.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42-52, 81; Dec. Dig. § 9.*]

2. BILLS AND NOTES (§ 463*) — ACTIONS — PLEADING—DELIVERY OF INSTRUMENT.

In an action on a duebill, an allegation in the petition that defendants executed and entered into said writing, a copy of which is set out, is sufficient, to show delivery, for the allegation imports a delivery.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1474, 1475; Dec. Dig. § 463.*]

3. BILLS AND NOTES (§ 467*) — ACTIONS — PLEADING—NATURE OF CONTRACT.

In an action on a duebill an allegation in the petition that the instrument of writing evidenced an indebtedness due the plaintiff, and that it was given to the plaintiff's wife, etc., was sufficient to show that defendants became liable and promised to pay the plaintiff the said sum, and that he was the legal owner thereof, for as a matter of law the husband is the proper party to sue upon his wife's choses in action.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 467.*]

4. APPEAL AND ERROR (§ 452*)—BY DEFAULT —JURISDICTION NECESSARY—NOTICE OF APPEAL.

In an action on a duebill, defendants appeared, and pleaded their privilege to have the action transferred to their home county. This was granted, and the plaintiff gave notice that he would appeal. The appeal was not taken within the time authorized, and, after that time, the plaintiff secured a judgment by default in the county to which the action had been transferred. Held, that that court had sufficient jurisdiction, for the notice of appeal did not suspend the jurisdiction as an appeal would have done.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 452.*]

Error from District Court, Jones County; C. C. Higgins, Judge.

Action by James T. Cumley against I. J. Pierce and G. W. Power, copartners, doing business as the Santa Fé, Llano, Estacado & Pacific Land & Trust Company. From a judgment for plaintiff, defendants bring error. Affirmed.

Woodruff & Woodruff, for plaintiffs in error. Whitten Swafford and King & Isaacks, for defendant in error.

SPEER, J. This is an action by James T. Cumley against the Santa Fé, Llano, Esta-

cado & Pacific Land & Trust Company, a co-partnership composed of I. J. Pierce and G. W. Power, to recover the sum of $1,880 alleged to be due on certain contracts set out. The suit was instituted in the district court of Midland county, and Pierce and Power each filed his plea of privilege to be sued in Jones county, the county of their residence. Upon the trial of these pleas, the district court sustained them, and ordered the clerk of his court to make a complete transcript of the papers of said cause, and transmit the same to the clerk of the district court of Jones county. To this judgment the plaintiff excepted, and gave notice of appeal to this court, and the trial court allowed 30 days after adjournment in which to prepare and file statement of facts and bills of exceptions. No appeal bond appears to have been filed, and on June 24, 1909, the transcript of the papers was filed in the district court of Jones county, and on July 7, 1909, a judgment by default was entered in favor of the plaintiff for the amount sued for. From this judgment the present writ of error is prosecuted.

The ground of attack set out in the first and second assignments of error is predicated upon the alleged insufficiency of the citation issued by the clerk of the district court of Midland county. But, whatever the defects in that writ, they must be held to have been waived when the defendants filed their answer in that court. It is true the answer consisted alone of a verified plea of privilege, but it in no way limited the appearance to the purpose of urging this plea, and, if it did, the effect would probably not be different, since the object of a writ of citation is to give notice to the defendant, and it is well settled, both by statute and decision, that the filing of an answer constitutes an appearance for the defendant, so as to dispense with the necessity for the issuance or service of citation upon him. Sayles' Ann. Civ. St. 1897, art. 1242; York v. State, 73 Tex. 651, 11 S. W. 869.

It is next insisted by plaintiff in error that plaintiff's petition is insufficient to support a judgment by default, the supposed vice being that there is no allegation that the duebill sued on was ever delivered to plaintiff, or that the defendants became liable and promised to pay plaintiff the said sum, or that the plaintiff was the legal owner or holder of the instrument at the time of bringing suit. It is true the petition does not expressly allege a delivery of the instrument, but it does allege that the defendants executed and entered into the said writing, a copy of which is set out. An allegation that an instrument was made and executed imports a delivery of it. Blount v. Ralston, 20 Tex. 132; Loungeway v. Hale, 73 Tex. 495, 11 S. W. 537. The petition further alleges that the instrument of writing evi-

dences an indebtedness due the plaintiff by reason of the premises, and is, we think, sufficient as against the objections made. The duebill appears to have been given to the plaintiff's wife, but the petition discloses the relation of the parties and as matter of law the husband is a proper party plaintiff on such an instrument.

Finally, it is contended that the giving of notice of appeal by the plaintiff in the district court of Midland county had the effect to excuse appellants from all diligence in attending the district court of Jones county pending the time when by law the plaintiff might have perfected his appeal, or sued out his writ of error. It is true the statute now in force under which the transfer to Jones county was made appears to authorize an appeal from such order, and it would, of course, follow that an appeal duly perfected would suspend the jurisdiction of the court to which the transfer had been made pending such appeal, but we cannot hold that the mere giving notice of appeal would have such effect, especially after the lapse of the time within which by law an appeal bond is required to be filed. The proceeding we think is analogous to the issuance of an execution on a final judgment. It may be suspended by perfecting an appeal, but the mere notice of appeal will have no such effect. It was the duty of appellants to take notice of all proceedings properly had in the district court of Jones county, the court to which their cause was properly transferred upon their own plea.

We find no error in the judgment, and it is affirmed.