## BAKER v. CITIZENS' BANK OF GORIN, MO.    (No. 7451.)

(Court of Civil Appeals of Texas.    San Antonio. Dec. 16, 1925.)

1. **Bills and notes** ☞524 — **Evidence for indorsee of note, showing purchase for consideration before maturity, held to make prima facie case warranting recovery.**

Negotiable Instruments Law, § 16, relating to presumption of valid delivery of negotiable instrument to holder in due course supersedes Rev. St. 1911, art. 588, and indorsee of note suing thereon, who showed that it was holder of instrument sued on in due course, made prima facie case entitling it to recover regardless of failure to prove fact of indorsement and authority of agent of payee corporation making indorsement.

2. **Bills and notes** ☞485—**Failure of defendant sued on note to offer proof as to genuineness of indorsement of note held to entitle plaintiff making prima facie case to recover.**

Although Negotiable Instruments Act, § 16, relating to presumption of delivery of note in hands of holder in due course supersedes Rev. St. 1911, art. 588, where defendant, sued on note, only alleged in verified pleadings that plaintiff indorsee was not owner of note and was not assignee or indorsee of payee, such allegations cannot be construed as specific denial of genuineness of indorsement or averment that indorsement was forged as required by latter statute, and on defendant's failure to prove facts other than genuineness of indorsement or forgery thereof, which would have been permitted, plaintiff's prima facie showing of right to recover was not disturbed, even under article 588.

3. **Appeal and error** ☞843(3)—**Competency of statement of witness, which might have been eliminated from his testimony without impairing prima facie case, not considered on appeal.**

In action on note, in which plaintiff made out prima facie case, which was not controverted by defendant, competency of testimony of person that plaintiff bank, indorsee of note, was legal owner and holder of it, which might be eliminated from testimony of witness without impairing prima facie case made, will not be considered on appeal.

Error from District Court, Kimble County; J. H. McLean, Judge.

Action by the Citizens' Bank of Gorin, Mo., against Frank Baker. Judgment for plaintiff, and defendant brings error. Affirmed.

L. J. Wardlaw and Lipscomb & Seideman, all of Fort Worth, for plaintiff in error.

F. E. Knetsch, of Seguin, for defendant in error.

SMITH, J.    On April 1, 1920, Frank Baker executed and delivered to the Uncle Sam Stock Medicine Company his promissory note for $2,414.09, payable on September 1st, following. The note, indorsed in blank by the payee, was purchased by the Citizens' Bank of Gorin, Mo., which brought this suit against the maker to recover the amount of the obligation. In verified pleadings, the defendant contested the suit, contending, among other things, that the plaintiff is "not the owner of said note, and is not the assignee or indorsee of" the stock medicine company, but that, if it was the assignee or indorsee, it acquired the same after maturity, and was not a bona fide purchaser, and that the consideration therefor had failed. After filing his answer, however, defendant, Baker, failed to further appear or prosecute his defenses, and, from a judgment rendered against him, has prosecuted this writ of error.

It is conceded that the bank was the holder and in possession of the note sued on, and placed it in evidence upon the trial of the case. The note bore the indorsement, "Uncle Sam Stock Medicine Co., Quincy, Ill., by R. T. Meyers, Prest.," and R. T. Meyers, cashier of the bank, testified to the fact of its acquisition by the bank:

"On the 18th day of June, 1920, the bank bought the note from the Uncle Sam Stock Medicine Company, Quincy, Ill. The Citizens' Bank is now the legal owner and holder of said note, and has been the owner continuously since June 18, 1920. The present owner and holder of said note came into possession of it on June 18, 1920, by paying the principal of the note, $2,414.09. I represented the plaintiff in the acquisition of said note. I am at present president of Uncle Sam Stock Medicine Company, and have been since December, 1920."

From the testimony it will be observed that the bank purchased the note from the payee, the medicine company, before its maturity, and for a valuable consideration, when it obtained delivery of it, and continuously held it thereafter.

[1] The appeal is presented upon a single assignment of error, to the effect that the court erred in rendering judgment for the bank because there was no evidence that the latter was or is the owner of the note sued on. Under this assignment plaintiff in error asserts the proposition that, in order to re-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cover upon the note, it was incumbent upon the bank to prove the fact of its indorsement, and the authority of the agent making the indorsement to bind the payee thereto; the latter being a corporation. Counsel for plaintiff in error have presented this contention in an able and ingenious argument, but, after thorough consideration, we have concluded that the judgment should be affirmed.

It is provided in article 588, R. S. 1911, that—

"When a suit shall be instituted by an assignee or indorsee of any written instrument, the assignment or indorsement thereof shall be regarded as fully proved, unless the defendant shall deny in his plea that the same is genuine, and moreover shall file, with the papers in the cause, an affidavit stating that he has good cause to believe, and verily does believe, that such assignment or indorsement is forged."

And it is provided in section 16 of the Negotiable Instruments Act (Acts 1919, c. 123) that—

"* * * But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed and where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

The parties devote much of their briefs to the dispute as to whether or not the provisions of article 588 were repealed and superseded by the quoted provision of section 16 of the later act. While we are of the opinion that the prior act has been effectually superseded by the later (First Nat. Bank of Giddings v. Cotton Oil Co. [Tex. Com. App.] 274 S. W. 127), yet we are of the further opinion that, under the provisions of either, the plaintiff below made out a prima facie case entitling it to recover. The note, bearing the indorsement of the payee, was placed in evidence; and the undisputed testimony of defendant in error's cashier showed that the bank purchased the note from the payee indorser prior to its maturity, by paying full consideration therefor, obtained delivery at the time, and had been all the while and still was the holder of it.

[2] Under the provisions of article 588, the assignment or indorsement of the obligation shall be regarded as fully proved, unless the defendant shall deny in his plea that the same is genuine, and aver that the indorsement is forged. In his plea in this case, the defendant met neither of those requirements, but simply alleged in his verified pleadings that the plaintiff "is not the owner of said note, and is not the assignee or indorsee of the" payee. These allegations cannot be construed as a specific denial of the genuineness of the indorsement, or an averment that the indorsement was forged, as required in article 588. If the defendant expected under his allegations to prove other facts than the genuineness of the indorsement or the forgery thereof, he might have been permitted to do so upon the trial; but he did not offer such proof, and therefore the plaintiff's prima facie showing was not disturbed.

On the other hand, if section 16 of the Negotiable Instruments Act controlled, as it undoubtedly does, then its requirements were fully met by the plaintiff below, who showed that it was the holder of the instrument sued on, that the latter was in its hands as the holder in due course. In such case, it is provided in section 16:

"A valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed and when the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

These provisions, considered in connection with the undisputed facts proven, leave no room for argument. We hold that, in the state of the record shown here, defendant in error, bank, made out a prima facie case entitling it to recovery.

[3] Plaintiff in error challenges the competency of the testimony of R. T. Meyers that the bank was the "legal owner and holder" of the note sued on. We do not deem it necessary to discuss this contention, for that expression may be eliminated from the testimony of the witness without impairing the prima facie case made.

The judgment is affirmed.