## WILSON v. MARTIN.

### No. 4790.

Court of Civil Appeals of Texas. Texarkana.

Nov. 7, 1935.

Rehearing Denied Nov. 14, 1935.

Ronald Smallwood, of Tyler, for appellant.

C. C. Morris, of Tyler, for appellee.

SELLERS, Justice.

This suit was brought by J. E. Martin against Vernon Wilson and Luther Hale, the administrator of the estate of G. H. Hale, and for cause of action plaintiff in his petition alleged:

"That on or about Sept. 15, 1929, at Troup, Texas, Vernon Wilson executed his one certain promissory note due Oct. 15, 1930, after date for value received, payable on demand to the order of G. H. Hale in the principal sum of Three Hundred ($300.00) Dollars payable at Troup, Texas, with ten per cent per annum interest from date until paid, and providing that if placed in the hands of an attorney for collection, defendant Vernon Wilson shall pay ten per cent on principal and interest then due as attorney's fees.

"That said note is long past due and unpaid, and defendant Vernon Wilson though frequently requested has failed and refused to pay the same or any part thereof; * * *

"Plaintiff further alleges that the said G. H. Hale for a valuable consideration, and in due course of trade, and before maturity, indorsed said note to J. E. Martin who is the legal holder and owner of said note. That the said G. H. Hale is now deceased but the said Luther Hale has been appointed and qualified Administrator of G. H. Hale's estate under and by virtue of the Laws of the State of Texas."

The petition closes with an appropriate prayer for judgment for his debt.

The defendant Vernon Wilson answered by general demurrer, general denial, and specially alleged that the due date in the note has been altered. The plaintiff dismissed his suit as to the defendant Luther Hale, and upon trial before a jury judgment was rendered against the defendant for the sum of $487.50, same being the amount of principal, interest, and attorney's fees due on said note. From this judgment, the defendant Vernon Wilson has duly prosecuted this appeal.

Appellant's first assignment of error asserts that it was error for the court to overrule appellant's motion for new trial for the reason that appellee's petition is insufficient as a basis upon which to predicate a judgment, in that it fails to allege that appellant delivered the note involved to G. H. Hale, the payee thereof. We are of the opinion that this assignment

540

must be sustained. The law is well settled that a plaintiff who sues upon a promissory note must allege a delivery of the note by the maker thereof to the payee therein before a recovery can be had thereon against the maker of the note. This, it appears, was not done in this case. Moody v. Benge & Jewell, 28 Tex. 545.

Appellee insists that appellant cannot complain on this appeal of the insufficiency of the petition in the respect above mentioned for the reason that no special exception was directed to the sufficiency of the petition. The error complained of is fundamental in that the petition of plaintiff fails to state a cause of action against the defendant Vernon Wilson which will support the judgment entered. Moody v. Benge & Jewell, supra. And it is the uniform holding of all the courts of this state that such an error may be complained of for the first time in the appellate court.

Appellant's second assignment of error is without merit and is overruled.

Because of the error indicated, the judgment of the trial court is reversed and the cause remanded.