## MORGAN v. BAUM.
### No. 1785.

Court of Civil Appeals of Texas. Eastland.
April 29, 1938.

Rehearing Denied May 27, 1938.

Meade F. Griffin, of Plainview, for plaintiff in error.

T. B. Ridgell, of Dallas, for defendant in error.

GRISSOM, Justice.

This is an appeal from a default judgment upon a promissory note rendered for plaintiff, Baum, against defendant, Morgan. Defendant appealed and assigns as error the action of the court in rendering a default judgment against him "for the reason that plaintiff's petition is insufficient as a basis upon which to predicate a judgment against your defendant, C. C. Morgan, in that it fails to allege that said C. C. Morgan delivered the note involved to T. B. Ridgell, the payee thereof." Plaintiff's petition alleged "defendant made and executed a note to T. B. Ridgell in the sum of $500 * * *" and further "plaintiff shows that that he is now the legal owner and holder of said note", etc. In support of defendant's contention he cites Moody v. Benge & Jewell, 28 Tex. 545, 547, and Wilson v. Martin, Tex.Civ.App., 87 S.W.2d 539.

In the first cited case, the Supreme Court reversed a default judgment because there was no averment of a delivery of the note to the plaintiff. It was there said: "An averment that the note was delivered to the plaintiff, or to some other person through whom he claims, is as necessary to entitle the plaintiff to recover as is the averment of its execution by the maker, otherwise there is no privity of contract established between the parties, no liability fixed on the maker, and no right shown in the plaintiff."

The petition in that case alleged that the defendant "gave" his promissory note. It was not alleged to whom the note was given. There was there no allegation that defendant made and executed the note to the payee thereof.

In Barnard v. Moseley, 28 Tex. 543, 544, decided by the Supreme Court at the same time the decision was rendered in Moody v. Benge, it was held that an allegation that the defendant "gave plaintiff" his due bill or instrument in writing as set out in the petition was "equivalent to averring that he [defendant] had made, executed, or signed and delivered it to the plaintiff."

In Blount v. Ralston, 20 Tex. 132, 135, it was held that a petition was not deficient because of the failure to allege that the note sued on was delivered where the allegation was made that the defendant made

and executed the note to plaintiff. The court said an allegation that a note was made and executed imported a delivery of the note.

In Loungeway v. Hale, 73 Tex. 495, 498, 11 S.W. 537, 538, it was said: "If the petition does not allege the delivery of the note, the defect, after judgment by default, will be fatal on appeal or writ of error," citing as authority for the quoted statement, Moody v. Benge, supra, and other cases.

But, it was further stated: "It was held in Blount v. Ralston that an allegation that a note was made and executed imported a delivery of it. 20 Tex. [132] 134. Here it is alleged that the note was executed in favor of J. W. Hale. This, we think, was a sufficient allegation of delivery."

In Santa Fé, L. E. & P. Land & Trust Co. v. Cumley, 62 Tex.Civ.App. 306, 132 S.W. 889, writ refused, opinion by Judge Speer, it was contended plaintiff's petition was insufficient to support a judgment by default because there was no allegation that the due bill sued on was delivered to plaintiff. The court said (page 890): "It is true the petition does not expressly allege a delivery of the instrument, but it does allege that the defendants executed and entered into the said writing, a copy of which is set out. An allegation that an instrument was made and executed imports a delivery of it." Citing Blount v. Ralston and Loungeway v. Hale.

In Lomax v. First Nat. Bank of Haskell, Tex.Civ.App., 39 S.W. 655, Judge Stephens said: "The execution of a promissory note includes the delivery as well as the signing * * *."

In a suit upon a promissory note it is essential that plaintiff allege the delivery of the note by its maker. But an allegation that defendant made and executed a note to the payee named in the note, in legal effect, includes an allegation of delivery of the note by its maker to the payee thereof. Such were the allegations of plaintiff's petition in this case. The court, therefore, did not err in rendering the default judgment. Strippelmann v. Clark, 11 Tex. 296, 298; 3 Words and Phrases, First Series, p. 2558; 2 Words and Phrases, Second Series, p. 378; 23 C.J. 278; Hecht v. Weissenberger, Tex.Civ.App., 49 S.W.2d 872, 874; Fort Worth Mut. Benev. Ass'n of Texas v. Golden, Tex.Civ.App., 287 S.W. 291; Koppelmann v. Koppelmann, 94 Tex. 40, 45, 57 S.W. 570; Howard v. Zimpelman, Tex.Sup., 14 S.W. 59, 60; Baker v. Citizens' Bank of Gorin, Tex.Civ.App., 278 S.W. 330; 33 Tex.Jur. § 178, p. 629.

The judgment is affirmed.