**ALLIED STORE UTILITIES CO. v. HUNT, Judge, et al.**

No. 5347.

Court of Civil Appeals of Texas. Amarillo.

Feb. 27, 1941.

Porter R. Underwood and Arthur Glover, both of Amarillo, for relators.

M. Reynolds, of Shamrock, for respondents.

### JACKSON, Chief Justice.

This is an original proceeding in this court by the relator, Allied Store Utilities Company, a corporation, against the respondents, D. A. Hunt, County Judge of Wheeler County, and H. M. Burrow.

The relator seeks a writ of mandamus ordering the respondent, D. A. Hunt, to proceed to hear its motion to dissolve an ex parte temporary injunction alleged to be erroneously issued by said judge upon the application of respondent, H. M. Burrow, enjoining the relator and the sheriff of Wheeler County from executing an order of sale issued by the clerk of said county on a judgment for the sum of $411.44 with interest, cost and attorneys' fees in Cause No. 1152 theretofore duly and legally obtained by the relator against the respondent H. M. Burrow in the County Court of Wheeler County, Texas.

The respondents in a verified answer alleged that after the relator had obtained the default judgment in Cause No. 1152, H. M. Burrow on July 30, 1940, filed Cause No. 1165 in which he obtained a temporary injunction and sought to set aside such default judgment; that on August 23, 1940, with all parties present respondent D. A. Hunt heard and determined the motion of the relator to dissolve said temporary injunction and at such hearing vacated the default judgment and set Cause No. 1152 for trial on its merits at the next or October term of the County Court of Wheeler County; that at the October term, at the request of relator's attorneys, the case was continued and is still pending on the docket of said court.

The respondents did not appear at the hearing in this court but relied on their answer and the record to defeat the application for the writ of mandamus.

The record discloses that the Allied Store Utilities Company as plaintiff instituted suit No. 1152 in the County Court of Wheeler County on December 20, 1939, against the defendant H. M. Burrow who was in default to recover a balance of $411.44 due the plaintiff by the defendant on an installment note with interest, cost and attorneys' fees and to foreclose a chattel mortgage lien on personal property alleged to be of the value of $700 which was given as security for the payment of the debt. Citation was promptly issued and served on defendant Burrow but was fatally defective because the clerk omitted from the citation the number of the suit. On January 22, 1940, an alias citation, regular and valid, was issued commanding the sheriff or any constable of Wheeler County to summon H. M. Burrow to be and appear at the next term of County Court in Wheeler County to be held at the court house thereof on the first Monday in April, 1940, which was the first day of the month, to answer plaintiff's alleged cause of action. The alias citation was delivered to Elmo Boyles, constable of said county and duly served on defendant January 29, 1940. Thereafter, on April 12th, the court rendered judgment reciting that defendant, though duly cited, had failed to appear or answer and wholly made default and that plaintiff's claim was a liquidated demand and rendered judgment in his favor for the sum of $411.44 with interest and attorneys' fees and all cost of suit and for a foreclosure of the mortgage lien on the personal property described. The judgment directs that an order of sale shall issue to the sheriff or any constable of Wheeler County; that he seize and sell the property in satisfaction of the judgment according to the provisions of the statute. In July the clerk of the county court issued on the judgment a regular order of sale, delivered it to the sheriff, who, while attempting to levy on the property on which the mortgage was foreclosed, had served upon him a writ of temporary injunction applied for by H. M. Burrow and granted in chambers at an ex parte hearing by D. A. Hunt, County Judge, on the allegations that the default judgment was void because the citation served upon him was fatally defective since the clerk omitted therefrom the number of the suit. As a meritorious defense he alleged the property for which the note and mortgage were given was worthless,

pleaded a failure of consideration, and also asserted that he had a cross-action for damages against the Allied Store Utilities Company which he desired to prosecute against it.

On August 23, 1940, the Allied Store Utilities Company filed its motion to dissolve the temporary writ of injunction issued in Cause No. 1165; alleged proper service on H. M. Burrow by the alias citation; the validity of its judgment; denied the equities of the bill; but on the same day by agreement the hearing on the motion to dissolve was postponed and the case set on October 14, 1940, which was during the next term of court. The hearing was again postponed until the 16th when the Allied Store Utilities Company insisted on a hearing on its motion to dissolve but on the contention of H. M. Burrow the court denied such hearing and held that the motion to dissolve the temporary writ had been disposed of on August 23rd at the previous term of court and the default judgment set aside and Cause 1152 was still pending in his court for trial on the merits.

The relator by his verified application for the writ of mandamus, the record and the oral testimony offered before this court shows that no judgment was rendered or entered on the motion to dissolve the temporary injunction on August 23rd at the preceding term of court nor to set aside the default judgment in Cause No. 1152, and we are of the opinion that the relator sustains his contention that no hearing was had on August 23rd but that the matter was postponed until the October term and set for October 16th by agreement on account of the attorney of respondents representing that he was interested in some friends who were seeking nominations at the primary election to be held on the next day, August the 24th.

On October 29th after the court refused to hear the motion to dissolve the temporary injunction and which was after the July term of court and without a motion to enter a judgment nunc pro tunc, there is a purported judgment which recites that Cause No. 1165 was heard on August 23rd with all parties present and a decree rendered setting aside the default judgment in Cause No. 1152 and the case set for a hearing for the next or October term of the County Court of Wheeler County. The endorsement of the clerk shows that this judgment was not filed until October 29th during the October term.

It is obvious that the only basis for the temporary writ of injunction granted was the allegation in the petition therefor that service on H. M. Burrow in Cause No. 1152 was fatally defective since the clerk had omitted from the citation the number of said suit. There was and is no attack on the validity, the sufficiency or the service of the alias citation issued January 22nd, served on the 29th, upon which the judgment by default was rendered April 12, 1940. Since the record shows that there was no trial on August 23rd; that no judgment was rendered or entered at that time or at the July term of court; that the purported judgment in Cause No. 1165 filed on October 29, 1940, was at a subsequent term of the court; that no motion was made to have this judgment entered nunc pro tunc and no hearing has ever been had on relator's motion to dissolve the temporary injunction, we are of the opinion that the writ of mandamus should be issued.

In Rouff et al. v. Boyd, District Judge, et al., Tex.Civ.App., 16 S.W.2d 403, it is held that courts can exercise their jurisdiction to hear and determine causes only at the time and place fixed by law and that the judge is not authorized to take a case under advisement and render judgment thereon at a subsequent term and the appellate court has authority to issue a mandamus to require the trial judge to set aside a judgment erroneously rendered at a subsequent term of court.

In Jones et al. v. Bass, 49 S.W.2d 723, the Commission of Appeals holds that an order granting a new trial after the expiration of the term at which the judgment was entered is wholly void.

See also Citizens State Bank of Frost v. Miller, County Judge, et al., Tex.Civ. App., 115 S.W.2d 1183; State et al. v. Ferguson, District Judge, et al., 133 Tex. 60, 125 S.W.2d 272.

The writ is granted, and respondent D. A. Hunt is commanded to proceed with the trial of the relator's motion to dissolve the temporary injunction in due order and dispose thereof promptly and expeditiously.