**WILLIS et al. v. GRANGER, County Judge.**

No. 4477.

Court of Civil Appeals of Texas. El Paso.

June 27, 1946.

W. F. Johnson, of Levelland, Klapproth & Hamilton, of Midland, and Swearingen & Bledsoe, of Marfa, for relators.

William Granger, of Fort Davis, in pro. per., for respondent.

PRICE, Chief Justice.

This is an original proceeding by Mrs. Jo Ruth Willis joined by her husband as relators against the Hon. William Granger, as County Judge of Jeff Davis County, respondent, seeking to compel him by mandamus to proceed to trial and judgment in a certain probate proceeding pending in the County Court of Jeff Davis County. Leave was granted to file the application and the respondent has filed answer to the petition.

From the petition of the relators and answer of the respondent certain pertinent facts appear. H. L. Phillips died in Hockley County on April 12, 1946. On April

18, 1946, the relator, R. E. Willis, filed application in the County Court of Hockley County to probate the alleged will of H. L. Phillips, deceased, and sought letters of administration with the will annexed. A necessity for administration was alleged; further "that at and before his death, the said H. L. Phillips had no domicile or fixed place of residence other than at the home of applicant, R. E. Willis, in Hockley County". A copy of the alleged will was attached to the application. The will was dated December 24, 1945, and purported to leave all property to relator, Mrs. Jo Ruth Willis. Process duly issued on the application on April 18th and was duly served by posting. On April 29, 1946, the Hockley County Court rendered judgment probating the will aforesaid and appointing relator R. E. Willis as administrator with the will annexed, fixing the bond at $5,000. On April 29th, Willis filed his oath as administrator. On May 4, 1946, he filed bond and on the same day it was duly approved by the County Judge of Hockley County. On May 4, 1946, an inventory and appraisement of the estate was filed by the administrator and on the same day it was approved by the County Judge.

On April 25, 1946, respondent, acting on his own motion as County Judge of Jeff Davis County, appointed J. H. Clark temporary administrator of the estate of H. L. Phillips and on the same day Clark filed his oath as temporary administrator and thereafter in pursuance of a modified order of the County Court, filed the bond required of him by said modified order. On April 29, 1946, said Clark filed in the County Court of Jeff Davis County an application to probate an alleged will of H. L. Phillips, deceased. This will was dated April 5, 1939, and left all property to his brother, J. M. Phillips. Applicant alleged the necessity for administration and sought to be appointed administrator with the will annexed, alleging that the beneficiary Phillips, named executor, was unable to serve as such on account of sickness. In substance it was alleged that while H. L. Phillips died in Hockley County, at the time of his death, he resided and was domiciled in Jeff Davis County. Process issued and was served in accordance with law. At the time of the proceedings so far narrated as taking place in Jeff Davis County, the respondent had no notice of the proceedings in Hockley County.

On May 18, 1946, relators filed in the County Court of Jeff Davis County opposition to the application aforesaid setting up the proceedings in Hockley County and praying for the abatement of the proceeding. On June 5, 1946, the Court entered an order continuing the case until August 5, 1946, subject to the further order of the Court. It recites that the order was granted on the motion of petitioner. On or about May 28 or 29, 1946, J. M. Phillips, the beneficiary in the alleged will sought to be probated in Jeff Davis County, died. He left as his sole heirs a brother, Sam I. Phillips, then living in Fresno, California, and a sister, Mrs. Etta Thomason, living in Odessa, Texas.

It appears from the answer of respondent that said Sam I. Phillips and Mrs. Etta Thomason, joined by her husband, have filed a motion in the County Court of Hockley County, Texas, attacking the judgment probating the will of December 25, 1945, praying that the Court set aside all orders made in the proceeding and the cause be dismissed. The attack made on the proceeding is in the nature of a Bill of Review and is largely based on the allegation that at the time of his death, H. L. Phillips was not a resident of Hockley County, but was a resident of Jeff Davis County and had his domicile therein, that under Article 3293, R.S.1925, the Hockley County Court had no jurisdiction to entertain the proceedings.

Respondent in his answer says that he was personally acquainted with H. L. Phillips at the time of his death and within the knowledge of respondent, Phillips then had his domicile and fixed place of residence in Jeff Davis County. The following is taken from respondent's answer:

"Your Respondent would show that he is not only Judge of the Probate Court of Jeff Davis County, Texas, but that is also County Judge of said County and it is his duty and responsibility as such officer to use his best efforts to preserve the assets belonging to the estate of H. L. Phillips,

deceased, to cause an examination into the facts relating to the death of H. L. Phillips to be investigated and to see, to the best of his ability that the assets of the said H. L. Phillips Estate be preserved for those who may be entitled to it and that due and proper investigation be made of the cause of the death of H. L. Phillips, and for these reasons, and the reasons only, that your Respondent has not dismissed the appointment of J. H. Clark as Temporary Administrator of the Estate of H. L. Phillips deceased. He would further show that in the event said Sam I. Phillips and Mrs. Etta Thomason are successful in their suit, to set aside the probate of said Will, dated December 24, 1945, that said cause will be transferred to Jeff Davis County, Texas, and consolidated by an order of your Respondent with the pending application of J. H. Clark to probate the 1939 will, and that pending such contest and litigation it is just and proper that some and competent person such as J. H. Clark who is a cashier of the Fort Davis State Bank, be and remain Temporary Administrator; that to dismiss said temporary administration at this time would probably result only in additional administration proceedings and to needlessly clutter up the probate records of Jeff Davis County, Texas. Your Respondent says that he will of necessity and legal obligation be bound by the outcome and result of the litigation now pending in Hockley County, Texas and that no need exists at this time why your Respondent should be given the rush act by relators herein and be required by Mandamus to dismiss the proceedings by your Respondent made and entered in good faith and for the interest of all concerned."

A fair construction of respondent's answer as a whole, we think, is that it is not his purpose to proceed with the trial of the plea in abatement or the application of Clark until after the final disposition of the attack on the judgment in Hockley County.

■ As amended in 1929, Article 1824, Revised Statutes, Vernon's Ann.Civ.St. Art. 1824, gives the Courts of Civil Appeals power to issue a Writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in the cause. Article 1823 has no application here, but confers power on said Courts to issue writs to enforce jurisdiction. Article 1735A, Vernon's Ann.Civil Statutes, confers power to issue writs of Mandamus against primary election officials and is not involved here. The power conferred by said Article 1824 as amended is not to control the character of the judgment to be entered, but to compel the court to proceed to trial and judgment.

Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833.

■ Relators contend that under the case of Stewart v. Poinboeuf, 11 Tex. 299, 233 S.W. 1095, as a matter of law, it is respondent's duty to sustain their plea in abatement. Even though this be true, it does not follow that this Court has the power to issue a Writ of Mandamus ordering respondent to enter an order sustaining the plea in abatement. The power conferred by Article 1824 is to compel action, but not to control same. The numerous cases holding that where a District or County Judge refuses to enter judgment on a verdict there is a power to compel the entry of the judgment called for by the verdict, do not conflict with the principles of law announced above. In those cases, there has been a trial establishing the facts in issue. The sentence of the law follows as a ministerial duty. Here there has been no part of a trial, but refusal to try.

There can be no doubt that respondent's answer indicates an intention to refuse to proceed to trial of the plea of abatement until the Hockley County Bill of Review be finally determined. This constitutes, in our opinion, a refusal to proceed to trial and judgment. McPhail v. Scarborough, Tex.Civ.App., 16 S.W.2d 858.

■■ It can not be that the temporary administrator appointed by the County Court of Jeff Davis County and the permanent administrator appointed by the Hockley County Court have the right to contemporaneously administer the estate. It is ordered that respondent proceed to trial and judgment in the cause with all reasonable dispatch, if reasonably possibly to try said cause on or before July 5, 1946, and

if not reasonably possible, on or before August 5, 1946.

The Clerk will issue a Writ of Mandamus in accordance herewith.